### Case No. 4,183.

In re DUPEE.

[2 Lowell, 18;[1] 6 N. B. R. 89.]

District Court, D. Massachusetts. April, 1871.

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

W. W. Warren, for petitioners.

G. A. Somerby and W. N. Mason, for debtor.

LOWELL, District Judge. There is nothing in the bankrupt act [of 1867 (14 Stat. 517)] which bears directly upon this case, excepting section 34, authorizing the court to set aside a discharge for certain causes and under certain circumstances, one of which is, that the creditor asking for such reversal had no knowledge of the facts before the discharge was granted; a circumstance which these petitioners cannot truly allege. They therefore invoke the power which they say every court has to vary or annul its decree, when justice requires it. This power is denied by the bankrupt. No decisions were referred to by either party, excepting those in the southern district of New York, in which the court reheard the case after refusing a discharge. The power of the court does not seem to have been brought in question in those cases; nor does it appear very clearly that any final decree had been made in them before the rehearing. In this case, a final decree was rendered under section 32, and a certificate thereof was given, and the case in bankruptcy was closed.

This would seem to be the termination of the jurisdiction which by section 1 is to last until the close of the proceedings in bankruptcy. Still I think the court must have the same inherent power as all other courts to recall its own decrees, or to vary or amend them, as justice may require. All the courts claim and exercise this power, when it is the only remedy for the party aggrieved. It has been admitted in criminal as well as in civil cases that the court may vary its judgment and impose a different sentence at any time during the same term. Com. v. Weymouth, 2 Allen, 144. And see the cases cited in that decision. In admiralty, the time and mode of opening a final decree in a defaulted action are regulated by a general rule of the supreme court; but this is not understood to take away the right to rehear cases not falling within the rule. 2 Conk. Adm. 360. See Ex parte Lange, 18 Wall. [85 U. S.] 163.

It is not necessary to define the limits of the power, or the precise mode of its exercise, excepting to this extent, that the courts have uniformly admitted and exercised the power of rehearing a cause, and changing or reversing the judgment or decree during the term in which it was made. Even the supreme court will exercise this power on suitable occasions, although, in an appellate court, where there is little liability to accident in the trial, those occasions are rare. That court has held that this power, when exercised summarily, must be invoked during the term, even in equity, though, in general, the proceedings in equity have little relation to terms of court. After the term has passed, there must be plenary proceedings by bill or libel of review. Here the term is still open, and no very formal proceedings would seem to be required. It is not a case for the supervisory power of the circuit court, and I do not see that there is any other remedy than the one now asked for.

If, however, no injustice has been done, or if the petitioners were not, in fact, prevented from trying their case by the accident referred to, they ought not to be permitted to litigate anew. If they shall file affidavits showing that they were prepared with evidence to substantiate the specific charges of fraud alleged by them, and that they would have been ready to try those questions on the day appointed, and that they believe they have a good case on the merits in respect to those charges of fraud, I will reopen the decree so far as such frauds are concerned. I do not think I ought to do so for any mere technical matter, such as an inaccuracy in book-keeping without fraud.

Ten days to be allowed for the petitioners to file affidavits.