### In re RUDNICK et al.

(District Court, D. Massachusetts. May 1, 1899.)

No. 191.

1. BANKRUPTCY—COMPOSITION—SETTING ASIDE.

Bankruptcy Act 1898, § 13, providing that the judge of the court of bankruptcy may set aside a composition duly confirmed "if it shall be made to appear upon a trial that fraud was practiced in the procuring of such composition, and that the knowledge thereof has come to the petitioners since the confirmation of such composition," defines exclusively the ground upon which a composition may be vacated, and operates as a limitation upon the general grant of authority in section 2, cl. 9, which gives to the courts of bankruptcy jurisdiction to "set aside compositions and reinstate the cases."

2. SAME.

A composition in bankruptcy, duly confirmed by the court, will not be set aside, on the petition of a creditor not charging fraud, merely because such creditor's address was erroneously stated in the bankrupt's schedule, and consequently the creditor had no notice of the proceedings in bankruptcy, and did not prove his debt, and the same was not included in the composition.

In Bankruptcy.

Josiah Bon, for bankrupts.

Clarence P. Weston, for petitioning creditor.

LOWELL, District Judge. This is a petition to set aside a composition. The address of the petitioning creditor was erroneously stated by mistake in the bankrupt's schedule, and hence the petitioner received no notice of the bankruptcy proceedings. He did not prove his debt, and the bankrupt's deposit did not cover any dividend thereon. It is contended by the bankrupt that the composition cannot be set aside except in pursuance of the provisions of section 13 of the bankrupt act; that is to say, unless fraud was practiced in the procuring of the composition, which is not charged in this case. The petitioner contends, on the other hand, that the court of bankruptcy has the right to vacate its own decrees when the same have been improperly made.

Section 2 (9) of the bankrupt act gives the courts of bankruptcy "such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings, to confirm or reject compositions between debtors and their creditors, and set aside compositions and reinstate the cases." Section 13 provides that "the judge may, upon the application of parties in interest filed at any time within six months after a composition has been confirmed, set the same aside, and reinstate the case, if it shall be made to appear upon a trial that fraud was practiced in the procuring of such composition, and that the knowledge thereof has come to the petitioners since the confirmation of such composition." Is the authority given by section 2 limited by section 13? I think it is, and that, as the court has no power to confirm or reject a composition except pursuant to section 12, so it has no power to set one aside except pursuant to section 13. Were this not the case, section 13 would seem to be meaningless and useless. It has been suggested, indeed, that some effect may be given to the section by construing it as limiting to six months the time within which a composition may be set aside on the ground of fraud; but this construction severely strains the language. If it were the true construction, then the judge might, because certain formalities had not been complied with, set aside a composition at any time, though, on the ground of fraud, he might not set it aside after six months had passed; and so the section would be construed to make formal error weightier consideration than fraud for setting aside a composition. Again, if the construction suggested by the petitioner were correct, though the judge might not, after six months, set aside a composition upon the ground of fraud, if knowledge of the fraud had come to the petitioners since the confirmation of the composition, yet, if the knowledge of the fraud had come to the petitioners before the confirmation, he might, if he saw fit, set the composition aside after any interval of time, however long. Upon the whole, it seems clear that section 2 (9) is intended to give the court of bankruptcy jurisdiction concerning compositions, but not in any way to determine when compositions shall be confirmed and when set aside; that section 38 (4) lim-

its the jurisdiction to the judge, and takes it away from the referee; that section 12 defines exclusively the mode by which, and the terms upon which, a composition may be confirmed; and that section 13 defines exclusively the grounds upon which it may be set aside. Similarly, section 2 (12) gives the court of bankruptcy jurisdiction concerning discharge; section 38 (4) limits this jurisdiction to the judge; section 14 defines exclusively the conditions under which a discharge may be granted; and section 15 defines exclusively the conditions under which it may be revoked. The strongest case in support of the petitioners' contention which I have been able to find is In re Dupee, 2 Low. 18, Fed. Cas. No. 4,183, but that case was decided under the act of 1867, which, in this respect, differed totally from that of 1898. Perhaps a case may be imagined, not within the terms of section 13 of the latter act, where this court would have jurisdiction to vacate its decree of confirmation improvidently rendered; but, plainly, congress did not contemplate that a composition should be set aside on the ground that a creditor had failed to get notice of the proceedings because his address was misstated in the bankrupt's schedule by mistake. Petition dismissed.