## CITY NAT. BANK OF DALLAS v. DOOLITTLE et al.

(Circuit Court of Appeals, Fifth Circuit. February 19, 1901.)

### No. 1,008.

1. BANKRUPTCY—COMPOSITION WITH CREDITORS—CONFIRMATION.

Specifications in opposition to confirmation of a bankrupt's composition with creditors must be similar to specifications in opposition to a discharge, which, to conform to Bankr. Act 1898, §§ 14, 29, should show fraud on his part; and so, where specifications did not charge fraud, nor that the offer and acceptance were not in good faith, but did charge that the composition was not for the best interest of creditors, and a referee twice reported (the last time very fully, and accompanied with the testimony), finding in each case that it was for their best interest and was offered and accepted in good faith, the objecting creditor having the burden of proof, the court properly confirmed the composition on the referee's reports; confirmation being authorized by section 12d if the court is satisfied that it is for the best interest of creditors, that the bankrupt is not guilty of anything barring a discharge, and that the offer and acceptance were made in good faith.

2. SAME—ORDER OF CONFIRMATION—VACATION—DUTY OF OBJECTING CREDITORS.

It is the duty of a creditor objecting to the confirmation of a bankrupt's composition with creditors to show by proper averments and by evidence sufficient grounds why the court should grant a rehearing and set aside the order confirming the composition.

Appeal from the District Court of the United States for the Northern District of Texas.

J. M. McCormick, for appellant.

M. L. & W. L. Crawford, for appellees.

Before PARDEE and SHELBY, Circuit Judges, and TOULMIN, District Judge.

TOULMIN, District Judge. This case comes into this court on appeal from the decree of the district court confirming the composition offered by the bankrupts to their creditors. The several grounds on which the decree is attacked, as appears from the assignments of error, are:

"(1) That the court sustained the plea and exceptions of the bankrupts to the specifications in support of the appellant's opposition to the confirmation of the composition; (2) that the court confirmed the composition against the appellant's opposition, and the specifications in support thereof, without a hearing of the matters of fact set up in the specifications; (3) that the court held that the composition was for the best interest of the creditors; (4) that the court confirmed the composition, when it appeared from the record that neither the bankrupt nor the trustee was contesting in any way the pref-

erence which had been received by other creditors, but that said bankrupts were contesting the preferences received by the appellant; and (5) that the court confirmed the composition, against the appellant's opposition, and the specifications in support thereof, when it appeared from said specifications and the record that the effect of such confirmation would be to allow all the creditors, save the appellant, who had received preferences within four months, to retain their preferences, but would require the appellant, before coming into said composition and participating therein, to give up the preferences received by it within said time."

The specifications in opposition to the confirmation must be of the same character and nature as the specifications in opposition to a discharge. Coll. Bankr. 147. To bar a discharge the bankrupt must have committed an offense punishable by imprisonment under the bankrupt act, or, with fraudulent intent to conceal his true financial condition, and in contemplation of bankruptcy, destroyed, concealed, or failed to keep books of account from which his true condition might be ascertained. Bankr. Act, § 14. A bankrupt is punishable by imprisonment if he knowingly and fraudulently concealed from his trustee any of the property belonging to his estate in bankruptcy, or made a false oath or account in or in relation to any proceeding in bankruptcy. Bankr. Act, § 29. On the hearing of an application for the confirmation of a composition, and such objections as may be made thereto, "the judge shall confirm the composition if satisfied that (1) it is for the best interests of the creditors; (2) that the bankrupt has not been guilty of any of the acts, or failed to perform any of the duties which would be a bar to his discharge; and (3) that the offer and acceptance are in good faith." Bankr. Act, § 12d.

The record shows that all proceedings preliminary to the application for confirmation of the composition as required by the bankrupt act were had in this case, and that on May 16, 1900, the application was filed. A time was fixed for the hearing of the application and such objections as might be made thereto. Under the rules of court, and also by special order of the judge, 10 days were allowed for filing objections. At the same time it was ordered that at the expiration of the 10 days the application be referred to the referee, that due notice to the creditors be given, and that the referee file his report thereon by June 5, 1900, on which day the matter was set down for hearing before the judge. On May 17, 1900, the City National Bank of Dallas, the appellant, whose claim had not been proved, but was recognized and listed in the bankrupt's schedule, entered its appearance in opposition to the confirmation of the composition on the ground that it was not for the best interest of the creditors, and stated therein that it would file the specifications of its opposition, in writing, within 10 days. On June 5, 1900, the referee filed his report that due and proper notice had been given to all known creditors; that a majority in number and amount of those who had proved their claims had accepted, in writing, the proposed composition; that the offer was fair and reasonable and for the best interest of the creditors; and that the offer and acceptance were in good faith. And he recommended that the composition be confirmed by the court. On the day this report was

filed the City National Bank of Dallas, by leave of the judge, filed its specifications of objection to the confirmation. On the same day an order of reference was made by the judge, directing the referee to examine and report his conclusion on the questions involved in the specifications, and also whether the bank occupied such status as a creditor as carried with it a right to oppose the confirmation of the composition. In the specifications of objection to the confirmation of the proposed composition filed by the bank we find no charge that the bankrupts had been guilty of any of the acts or had failed to perform any of the duties which would be a bar to their discharge, and we find no charge that the offer and acceptance were not in good faith, but the specifications are all to the effect that the proposed composition is not for the best interest of the creditors. There are several grounds stated on which, it is claimed, the composition is not for the best interest of the creditors and should not be confirmed, but no fraud on the part of the bankrupts is anywhere charged. It is alleged that the assets of the bankrupt estate, if administered by the court to a final distribution among the creditors who have a right to prove their claims, would realize a greater per cent. to such creditors than that offered in composition, and it is also alleged that the claims of some of the creditors listed in the schedule are not provable claims; and it is inferentially charged in the specifications that the bankrupts had made misrepresentations to their creditors to induce them to accept the composition offered.

On June 9, 1900, the referee made a very full report, accompanied by testimony, on the questions referred to him in the order of June 5th, in which he finds that the City National Bank of Dallas occupies such a status as creditor as gave it a right to oppose the confirmation, that the offer of the composition and its acceptance were in good faith, and that it was for the best interest of the creditors; and he reiterates his recommendation that the composition be confirmed. On the coming in of this report the court made an order confirming the composition, and directing that the money deposited as the consideration therefor be distributed. Several days after this order was entered, the bank filed a petition for a rehearing, and for leave to amend its specifications of opposition to the confirmation. On the filing of this petition an order was at once made setting aside the former order of confirmation of the composition and of distribution, and allowing the petitioner to file amended specifications to its opposition to the confirmation. The petition contained no charge that fraud was practiced in the procuring of the composition, but set up want of sufficient knowledge of some of the proceedings had in the court prior to the order of confirmation, and want of opportunity to be heard in the matter at the time it came on for consideration by the court, reasserting the belief of the petitioner that the composition confirmed by the court was not for the best interest of the creditors, and alleging, as it had theretofore done, that some of the creditors had received preferred payments on their claims. Amended specifications were subsequently filed, setting up substantially the same grounds of opposition as were contained in the original specifications,

filed prior to the order of confirmation, but elaborated, and perhaps more definite. The bankrupts filed exceptions and an answer to said amended specifications, and at the same time moved the court to revoke and annul the order which the court had made setting aside the order of confirmation of the composition, and to reinstate the order of confirmation and distribution.

Section 12d of the bankrupt act defines, as we have seen, the mode by which and the terms upon which a composition may be confirmed:

"The confirmation being confirmed and the consideration distributed, the case is to be dismissed. All proceedings are then at an end, unless the composition thereafter is set aside under the provisions of section 13."

Coll. Bankr. (3d Ed.) 154; In re Rudnick (D. C.) 93 Fed. 787.

The confirmation operates as a discharge. Section 14c, Bankr. Act. Section 13 "defines exclusively the grounds upon which it [the composition] may be set aside." In re Rudnick, supra. The duty is imposed on the court of examining the offer and acceptance, and ascertaining whether the composition is for the best interest of the creditors. "The presumption exists that the action of the majority is for the interest of all the creditors, until it is attacked by those who are interested in showing it to be erroneous." Coll. Bankr. 147, and cases therein cited. The burden is on the objecting creditors to show this. Id.

In the specifications of objection by the City National Bank of Dallas there is an offer to pay a sum of money for the assets of the bankrupts in the hands of the trustee, if the same shall be delivered to it free and stripped of all liens, considerably in excess of the estimated value of such assets. The counsel for appellant contends with much earnestness and apparent force that the offer of the bank showed that the proposition of the bankrupts was not for the best interests of the creditors, and was of itself sufficient ground for refusing to confirm the composition. The offer of the bank was one of the special matters considered by the referee on both references had by him. In reporting on the two propositions—the proposition of the bankrupts and the offer of the bank—the referee says that:

"Upon a strict pecuniary basis, the difference between these propositions in favor of the City National Bank is $568.28. Under the composition proposed the money deposited by the proponents would be available within a very short time, if not immediately, for the payment of the claims of the creditors, and the entire amount of 25 per cent. would be paid to them at once upon proving up their claims, whereas under the terms offered by the City National Bank the administration could not be safely closed under twelve months from the date of the adjudication, with the consequent delays in the declaration and notices of dividends, the expense to the creditor in collecting his warrant, and the general inconvenience to him in the ordinary administration of an estate in court. The referee is of the opinion that the 'difference, upon a pecuniary basis, between the offer of the bankrupts and the proposition of the City National Bank would not be compensatory for the delays, inconveniences, and expenses which would necessarily follow upon the acceptance of the bank's proposition, and that, taking into consideration these elements, it is not for the best interests of the creditors to accept the proposition of the City National Bank, and therefore finds as a fact, under the second direction in the order of reference herein, that the composition offered by the bankrupts is for the best interests of the creditors of said bankrupts,"—and further reports the discrepancy between the probable value of the assets and the composition offered to be small and reasonable.

· Section 13 of the bankrupt act provides that:

· "The judge may, upon the application of parties in interest, filed at any time within six months after a composition has been confirmed, set the same aside and reinstate the case if it shall be made to appear at the trial that fraud was practiced in the procuring of such composition, and that the knowledge thereof has come to the petitioner since the confirmation of the composition."

No such application was made in this case, and it has been held that section 13 "defines exclusively the grounds upon which it [the confirmation] may be set aside." Coll. Bankr. 157, 158; In re Rudnick (D. C.) 93 Fed. 787. But we do not decide that the court may not, under certain circumstances, set aside the confirmation of a composition and reinstate the case, just as courts in general may open their judgments. We do not consider it necessary to decide that question in this case, nor do we consider it important to specially notice the bankrupts' exceptions to the amended specifications of objection by the bank. In our view of the case, it is wholly immaterial what the ruling of the district court was on such exceptions, or whether the bankrupts filed any exceptions at all. It was the duty of the bank to show, by proper averments and by evidence, sufficient grounds why the court should grant a rehearing and set aside the order confirming the composition. Such is the rule in proceedings on objections to the confirmation of a composition and to a discharge of the bankrupt, and this rule should apply with equal, if not greater, force to applications to set aside a composition which has been confirmed. Coll. Bankr. 147, 160, 161; In re Logan (D. C.) 102 Fed. 876. The bank did not meet the requirements of this rule. We think the district court was right in making the order confirming the composition on the reports of the referee, and that it was right in revoking and annulling the subsequent order setting aside the order of confirmation and reinstating the former order; the bank having failed to show any new or sufficient ground why the confirmation should be set aside or denied.

In reference to the point suggested in the fifth assignment of error, we may remark that, because the effect of the confirmation of the composition might be to allow all the creditors who had received preference payments within four months to retain their preferences, it does not follow that the bank must give up its preferences, to entitle it to participate in the composition. The record shows that its entire claim is recognized and listed by the bankrupts in their schedule, and that the claim is included in the estimate of the amount required under the composition; in other words, that it is provided for in the composition. While the bank's claim was excepted to by the bankrupts as not being a provable claim, because the bank had received preference payments within four months, the point of the exception was, as we understand the contention, that the bank, having a nonprovable claim, was not in such position as creditor as entitled it to oppose a confirmation of the composition. The claim was not disallowed, or its validity or provability passed on by the court, so far as the record discloses. We find no error in the record prejudicial to the appellant, and the decree must be affirmed.