## In re ABRAMS & RUBINS.

### (District Court, S. D. New York. October 25, 1909.)

1. BANKRUPTCY (§ 384*)—COMPOSITION—REMEDY OF CREDITOR NOT INCLUDED.
    After a composition in bankruptcy has been confirmed, the court has no power by order to require the bankrupt to pay the composition percentage to a creditor whose claim was not scheduled nor filed; his only remedy being to procure the setting aside of the composition for fraud.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 592; Dec. Dig. § 384.*]

2. BANKRUPTCY (§ 387*)—COMPOSITION—RIGHTS OF CREDITOR NOT INCLUDED.
    Except in case of fraud, a creditor of a bankrupt, who, knowing his debt is not scheduled, neglects to file his claim, takes the risk that a composition may be made and confirmed without his being included.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 611; Dec. Dig. § 387.*]

In the matter of Abrams & Rubins, bankrupts. Motion by creditor to be included in composition overruled.

Frank P. Nohowel, for petitioning creditor.
H. & J. J. Lesser, for bankrupts.

HAND, District Judge. In this case it is quite clear that I cannot grant the relief, asked for in the petition; i. e., that the bankrupts pay the same proportion of their debt to the petitioners that he has paid to others. No such relief is known, and it would upset all compositions, were I to grant it now. The petition, however, may be reformed as a petition to reopen the composition, if the petitioner wishes it to stand as such.

To set aside a composition once confirmed, I must find that it was procured by fraud; for that is the only ground allowed by the statute (section 13). There are in this case only two possible sources of fraud: First, that the bankrupts omitted the claim in bad faith, knowing that it had some validity; and, second, that they deceived the petitioner into supposing that he need not file his proof of claim until he actually did, and that he could still come into the composition, all the while hurrying through the composition so as to exclude him. If the petitioner wishes a reference on either or both of those issues, I will grant it, and upon proof of either I will set aside the composition, at least to the extent of preventing the bankrupts' taking advantage of it as a discharge.

It will be quite enough for the purpose to show that the bankrupts' attorneys, while the composition was being put through, kept assuring the petitioner that there was no haste, and that he would be included in the composition. Even if such assurances are to be construed as no more than agreements, yet they would clearly be fraudulent; for they would be made with a deliberate determination at the time not to fulfill them. Whatever may be the rule in the state courts, in this court such a representation is a fraud. While the answering affidavits do not seem to deny the charges in the petition, the issue is serious, and, if the bankrupts wish to dispute it, I will give them the chance.

Except in the case of fraud, it is quite clear that one who knows he is not included in the schedules takes his own risk of a composition being made and confirmed without his being included. Re Rudnick (D. C.) 93 Fed. 787, 2 Am. Bankr. Rep. 114.

If a reference is made, it will also include the determination of the validity of the claim, as well as of the issue of fraud. Any creditor may intervene.