---

### In re SIFF et al.

(District Court, S. D. New York. June, 1923.)

1. Bankruptcy ⚖⇒380—Absence of notice held not ground for setting aside composition.

The mere fact that a creditor did not receive notice of offer of composition because of an error in its address is not ground for setting aside of composition, under Bankruptcy Act, § 13 (Comp. St. § 9597).

2. Bankruptcy ⚖⇒386—Evidence on application to set aside composition held to warrant submission to special master.

On judgment creditor's application to set aside composition on the ground of fraud, under Bankruptcy Act, § 13 (Comp. St. § 9597), affidavits tending to show that the bankrupts omitted the petitioners' claim from their schedules in bad faith, and that the composition was procured in fraud of petitioners' rights, *held* to warrant submission of the case to a special master.

In Bankruptcy. In the matter of Max Siff and Albert Siff, individually and as copartners trading as the Siff Bros. Company, bankrupts. On application by the Hanover Trust Company, of Boston, a judgment creditor, to set aside a composition. Referred to special master.

Hendrick & Hendrick, of New York City, for petitioner.
LaGuardia & Sapinsky, of New York City, for bankrupts.

WINSLOW, District Judge. This is an application by the Hanover Trust Company, of Boston, a judgment creditor, to set aside a composition confirmed herein October 24, 1922. Judgment was entered in the Supreme Court of the state of New York in favor of the Hanover Trust Company against the bankrupts herein on the 29th day of July, 1922, in the sum of $9,016.87. On August 4, 1922, an adjudication in bankruptcy was made against the bankrupts. On August 29, 1922, an offer of composition was made, and on or about October 24, 1922, an order confirming such composition was entered. The trust company was not a party to the composition. An appeal had previously been taken by the bankrupts from the judgment entered against them in the state court. This appeal had not been heard, and on or about November 13, 1922, the Hanover Trust Company moved to dismiss the appeal.

According to the petition, which was filed herein within six months from the order of composition, the first notice, actual or implied, which the Hanover Trust Company had of the bankruptcy proceedings, or of the composition, was on November 13, 1922, when the bankrupts filed an affidavit in opposition to the creditors' motion to dismiss the appeal in the state court. This affidavit asked for further time to present such appeal and referred to the adjudication and com-

---

⚖⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

position. The creditor moves to set aside such composition pursuant to the provisions of section 13 of the Bankruptcy Act (Comp. St. § 9597), on the ground of fraud in procuring such composition, and that knowledge thereof has come to the petitioner since such composition. Notice of this application has been given to all creditors.

[1] The claim of the Hanover Trust Company does not appear on the schedules sworn to by the bankrupts, although their claim was a judgment duly entered in the state court prior to the adjudication. It appears, however, that in the schedules of the receiver there is a record of the claim of the Hanover Trust Company, the address being given New York, instead of the correct address, Boston. The mere fact that there was an error in the address of the creditor, which may explain the nonreceipt by the creditor of his notice, would not of itself be ground for setting aside the composition; but there are certain specific acts of fraud which are alleged in the petition, substantially as follows:

(1) That the bankrupts' schedules, filed and sworn to by them, omit the claim of the creditor, although their claim was a judgment of record after trial prior to the adjudication.

(2) That the bankrupts deceived the Hanover Trust Company by their conduct in delaying the appeal taken from the judgment, although the petitioner had been assured that the appeal would be expedited and the petitioner offered to submit same without argument in order to have a speedy determination.

The judgment of over $9,000 is said by the bankrupts to have been unintentionally omitted from the schedules, although it was one of the largest claims. The affidavits submitted in opposition to the petition are by Chester Siff, a brother of one of the bankrupts and a nephew of the other, and also the affidavit of one of the attorneys for the bankrupts. It is not merely what these affidavits in opposition set forth, but rather the things which are not referred to, that tend to convince the court that this composition, certainly as to the petitioner, is fraudulent. The affidavit of one of the attorneys for the bankrupts is not supported by the affidavits of four other persons referred to, who are supposed to know the facts, nor is any sufficient reason given why such affidavits in opposition to the petition herein are not presented.

On the question of knowledge of the trust company, the affidavit of Chester Siff states that one of the bankrupts met one of the attorneys for the trust company, and that said attorney "in the course of the conversation stated that he knew and had heard of the petition having been filed against us [the bankrupts] and spoke in a general way of what our plans were. * * *" And then the paragraph concludes:

"So I have been informed by him [Albert Siff]. and verily believe, and made no effort whatsoever to conceal any of the facts."

Although the language would suggest that the affidavit was on knowledge of the affiant, the latter part of the quotation seems to modify such conclusion. The substance of the entire affidavit is mere hearsay. The affidavit of the attorney is also hearsay, having reference to alleged conversations with one of the attorneys for the peti-

tioning creditor herein had, not by the deponent, but by one Arnold Gross, etc., and that the said Gross has refused to make an affidavit, "because he cannot state with any degree of certainty" when this conversation took place. The affidavit is not only unconvincing, although argumentative, but contains hearsay statements and conclusions based thereon. It would seem strange that no affidavits of either of the bankrupts, nor yet of Ephraim Siff, the alleged assignee of the assets of the bankrupts, are submitted in opposition to the petition herein.

[2] I am strongly inclined to the opinion that the bankrupts omitted the claim of the petitioners from their schedules in bad faith, and that the composition as to the Hanover Trust Company was procured in fraud of its rights. The matter is, however, of serious import to the parties in interest, and will be referred to the referee, sitting as special master, to take the proofs, and report.