## In re AASAND.

(District Court, D. North Dakota, C. D. August 15, 1925.)

No. 6029.

1. **Bankruptcy** ⬳417(2) — Section of Bankruptcy Act held to operate as a limitation on general grant of authority to set aside discharges and reinstate cases.

Bankruptcy Act, § 15 (Comp. St. § 9599), authorizing judge to revoke a discharge in bankruptcy, obtained through fraud of bankrupt, under certain conditions operates as a limitation on general grant of authority in section 2, subd. 12 (section 9586), giving courts of bankruptcy jurisdiction to set aside discharges and to reinstate the cases.

2. **Bankruptcy** ⬳417(2)—Express provisions in Bankruptcy Act on subject of discharges excludes any other method.

Bankruptcy Act, having made, by section 2, subd. 12, and section 15 (Comp. St. §§ 9586, 9599), express provisions on the subject of discharges in bankruptcy, excludes any other method, or the resort to general equity powers.

3. **Bankruptcy** ⬳417(2)—Discharge in bankruptcy, entered in due course of administration, not set aside.

Discharge in bankruptcy, entered in due course of administration, will not be set aside, in view of Bankruptcy Act, § 15 (Comp. St. § 9599), to allow creditors to file notice of objections, claiming false representations by bankrupt to obtain credit, though they sent them to the trustee within ample time to file the same before expiration of the ten-day period, and they were not filed because trustee was out of the city and did not return for about two weeks.

In Bankruptcy. In the matter of Anton S. Aasand, bankrupt. On application by creditors to set aside bankrupt's discharge. Application denied.

Todd, Fosnes & Sterling, of St. Paul, Minn., for creditors.

Pierce, Tenneson, Cupler & Stambaugh, of Fargo, N. D., for bankrupt.

AMIDON, District Judge. This is an application by creditors to set aside the judgment discharging the above bankrupt from his debts. The petition sets forth the following facts:

After the bankrupt had filed his petition for discharge, the creditors appeared by their attorneys, Todd, Fosnes & Sterling, and gave notice of their intention to file specifications of objection. Within the ten days counsel prepared proper specifications charging that the bankrupt had made willfully false financial statements for the purpose of obtaining credit. Counsel sent the specifications to Mr. Croil Hunter, the trustee, with directions to file the same; there being ample time for the carrying out of the instructions before the expiration of the ten-day period. It so happened that Mr. Hunter was out of the city and did not return for about two weeks. In the meantime, the ten-day period expired, and, there being no objections filed, the discharge was entered in due course of administration. As soon as counsel learned of the facts, they presented the present petition to set aside the discharge. Counsel for the bankrupt object, on the ground that no showing has been made sufficient to satisfy the requirements of section 15 of the Bankruptcy Act (Comp. St. § 9599), authorizing the revocation of a discharge.

The only real examination of the question here involved on the merits under the present Bankruptcy Act is found in the case of In re Rudnick (D. C.) 93 F. 787, written by Judge Francis C. Lowell. That was an application to set aside a composition. The provisions of the act on that subject, however, are strikingly similar to those in regard to setting aside a discharge. Section 2 of the Bankruptcy Act invests courts of bankruptcy—" * * * with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings * * * to * * * (9) confirm or reject compositions between

debtors and their creditors, and set aside compositions and reinstate the cases; * * * (12) discharge or refuse to discharge bankrupts and set aside discharges and reinstate the cases." Comp. St. § 9586.

Section 13 provides: "The judge may, upon the application of parties in interest filed at any time within six months after a composition has been confirmed, set the same aside and reinstate the case if it shall be made to appear upon a trial that fraud was practiced in the procuring of such composition, and that the knowledge thereof has come to the petitioners since the confirmation of such composition." Comp. St. § 9597.

Section 15 provides: "The judge may, upon the application of parties in interest who have not been guilty of undue laches, filed at any time within one year after a discharge shall have been granted, revoke it upon a trial if it shall be made to appear that it was obtained through the fraud of the bankrupt, and that the knowledge of the fraud has come to the petitioners since the granting of the discharge, and that the actual facts did not warrant the discharge." Comp. St. § 9599.

Judge Lowell, in the case above referred to, ruled that the general equity powers, conferred by subdivision 9 of section 2 upon courts of bankruptcy to set aside compositions and reinstate the case, were qualified and limited by section 13, so that the power to set aside a composition could not be exercised by a court of bankruptcy except upon the conditions and for the causes specified in that section. His reasoning on the subject seems to me unanswerable. See, also, City Nat. Bank v. Doolittle, 107 F. 236, 239, 240, 46 C. C. A. 258; In re Abrams (D. C.) 173 F. 430, 431.

[1] Is there any reason why the same rule as to the equity power of a court of bankruptcy under section 2, subd. 12, authorizing courts of bankruptcy "to set aside discharges and reinstate the cases," should not be restricted and confined by the provisions of section 15? It seems to me that a comparison of the two provisions relating to compositions, with the two provisions relating to discharges, necessitates a holding that the rule which is applicable to compositions is likewise applicable to discharges.

All the cases which hold that courts of bankruptcy possess a general equity authorizing them to set aside discharges are based on the case of In re Dupree, Fed. Cas. No. 4183 (1871). The opinion in that case was written by Judge John Lowell of the District of Massachusetts. In the Rudnick Case (D.

C.) 93 F. 787, the learned judge points out that the decision in Re Dupree was based wholly on the provisions of the Bankruptcy Act of 1867. Section 5110 of the Revised Statutes (being taken from the Bankruptcy Act of 1867), provides: "No discharge shall be granted, or, if granted, shall be valid, in any of the following cases." The statute then specifies the grounds which required the denial of a discharge.

Section 5120 of the Revised Statutes authorizes an application to set aside a discharge, and requires the petitioner to set forth one or more grounds specified in section 5110. It will be noticed that section 5110 expressly states that a discharge obtained in violation of any of the provisions of that section should not be valid. A study of the provisions of the act of 1867 on the subject will convince any one of the soundness of Judge Lowell's distinction found in 93 F. 787, 789.

Notwithstanding these considerations it has been held that courts of bankruptcy possess a general equity jurisdiction to set aside discharges, if they have been obtained by mistake, inadvertence, surprise or excusable neglect. In re Goldenberg & Halbert (D. C.) 286 F. 292; In re Applegate (D. C.) 235 F. 271; In re Louisville Nat. Bk. Co., 158 F. 403, 85 C. C. A. 513 (6th Cir.).

The principal ground of these decisions is the opinion of Judge John Lowell in the case of In re Dupree, Fed. Cas. No. 4183. But, as already pointed out, that case was based upon the peculiar provisions of the act of 1867 (14 Stat. 517), and is not applicable to the present Bankruptcy Act. That is made plain by Judge Francis C. Lowell in the case of In re Rudnick (D. C.) 93 F. 787.

[2] The only other ground of these decisions is the alleged distinction between the power to set aside a discharge upon general grounds of equity, and the power to "revoke" it under section 15. That distinction was first suggested in Remington on Bankruptcy, § 2811, and is continued in the third edition in section 3615. The distinction is this: When a discharge is revoked under section 15, that is the result of a trial on the merits, and, if the petitioner prevails, terminates the case by a denial of the discharge. If the petitioner fails, it results in a confirmation of the discharge. On the other hand, setting aside a discharge under the general equity power it is claimed does not result in any trial of the question of the right to discharge, but simply opens the default for the purpose of permitting a sub-

sequent trial of that issue. This distinction, it seems to me, proceeds upon a strained construction of the provisions of the present Bankruptcy Act, and has been resorted to for the purpose of avoiding hard cases. To revoke a discharge is to recall it, to set it aside. The terms are used interchangeably in the Bankruptcy Act, § 2, subd. 12, sections 15, 44. The mere fact that under the statute the trial of the right to the discharge is combined with the application for a revocation of the discharge previously granted does not make a fundamental difference from setting aside the discharge and permitting the trial of the question of the right to it on a subsequent date. The reasoning of Judge Lowell in the case of In re Rudnick (D. C.) 93 F. 787, in relation to compositions, applies with equal force to the case of setting aside a discharge. The Bankruptcy Act having made express provision on the subject, this, by a fundamental rule of statutory construction, excludes any other method. In re Judith Gap Commercial Co. (C. C. A.) 5 F.(2d) 307, 309.

The only reason why, in the case of a composition, section 13 authorizes the court to set the compositions aside and reinstate the case, whereas in the case of discharges section 15 requires the court to dispose of the question of the right to discharge on the merits, grows out of the difference in the nature of a composition and a discharge. A composition usually occurs early in a bankruptcy proceeding. If it is set aside, the case must necessarily be reinstated and proceed in the regular manner applicable to the administration of bankrupt estates. But, if a discharge is revoked, that terminates the proceeding, and there is no occasion to reinstate the case for further action.

[3] The power to set aside discharges and compositions for mistake, inadvertence, surprise, or excusable neglect, would conform bankruptcy proceedings to the practice in actions at law and suits in equity. A just administration of the bankruptcy law requires the power. It has been the practice under the Codes for seventy-five years, and was a part of the jurisdiction of courts of equity long before that time. The bankruptcy law has to be administered by human agencies. It is subject to the same mishaps as other legal proceedings, and, if justice is to be done, the power to relieve against such unavoidable accidents ought to exist. But, for the reasons above stated, it is not conferred by the present act.

The application is denied.