In re ISIDOR KLEIN, Inc.

Petition of KLEIN.

Circuit Court of Appeals, Second Circuit.
December 5, 1927.

No. 25.

1. Bankruptcy ⟊386—Mere failure of bankrupt to perform promises on composition does not warrant vacating confirmation order (Bankr. Act, § 13 [11 USCA § 31]).

Mere failure of bankrupt to perform promises given in composition settlement is not ground for vacating order of confirmation under Bankruptcy Act, § 13 (11 USCA § 31).

2. Bankruptcy ⟊386—Fraud is not inferred in proceedings to set aside confirmation of composition (Bankr. Act, § 13 [11 USCA § 31]).

Fraud is not inferred in proceedings to set aside order confirming composition settlement under Bankruptcy Act, § 13 (11 USCA § 31), and can only be alleged by stating facts which show that false representations were made by bankrupt with fraudulent intent.

3. Bankruptcy ⟊386—Petition alleging that bankrupt entirely ceased business after obtaining waiver of creditor's cash composition payment on representation of continuing in business held insufficient to warrant vacating order confirming composition for fraud (Bankr. Act, § 13 [11 USCA § 31]).

Petition for setting aside of order confirming composition settlement, alleging that bankrupt sought and obtained waiver of deposit of cash consideration with creditor on representation that it would continue in business at own location, and that bankrupt subsequently entirely ceased business, held insufficient to show fraud required to vacate composition, under Bankruptcy Act, § 13 (11 USCA § 31), notwithstanding general allegations that bankrupt was guilty of fraud "in making false and fraudulent representations," since creditor failed to show bankrupt's fraudulent intent.

4. Bankruptcy ⟊384—Bankrupt, applying for confirmation of composition settlement, must allege deposit of notes forming part of consideration (Bankr. Act, § 12b [11 USCA § 30]).

Bankrupt, applying for confirmation of composition settlement under Bankruptcy Act, § 12b (11 USCA § 30), under requirement that he state deposit of "consideration to be paid" creditors, must allege deposit of notes forming part of consideration, as well as of cash.

5. Bankruptcy ⟊386—Bankrupt's representation, known to be false, that consideration to be paid creditors on confirmation has been deposited, renders order confirming composition voidable (Bankr. Act, §§ 12b, 13· [11 USCA §§ 30, 31]).

Bankrupt, who on application for confirmation of composition settlement represents that he has deposited consideration, as required by Bankruptcy Act, § 12b (11 USCA § 30), is guilty of fraud, for which order of confirmation may be set aside for fraud, under section 13 (11 USCA § 31), where bankrupt knows representation is false.

6. Bankruptcy ⟊386—Creditor, seeking to set aside order confirming composition, must allege that knowledge of fraud has come to him since confirmation (Bankr. Act, § 13 [11 USCA § 31]).

Creditor, seeking to set aside order confirming composition for bankrupt's fraud, under Bankruptcy Act, § 13 (11 USCA § 31), must allege in his petition that knowledge of fraud has come to him since confirmation of composition.

7. Bankruptcy ⟊386—Petition merely alleging bankrupt's failure to deposit notes under composition, without allegation of fraudulent intent, or that knowledge of fraud had come to petitioner since confirmation, held insufficient to justify setting aside confirmation (Bankr. Act, §§ 12b, 13 [11 USCA §§ 30, 31]).

Petition to set aside order confirming composition settlement for fraud under Bankruptcy Act, § 13 (11 USCA § 31), merely alleging that bankrupt failed to deposit notes which petitioner was entitled to receive under terms of composition, without allegation of bankrupt's fraudulent intent, or that knowledge of fraud had come to petitioner since confirmation, held insufficient to require vacation of confirmation order, though it otherwise appeared than bankrupt had obtained confirmation under section 12b (11 USCA § 30), on representation that consideration to be paid creditors had been deposited.

8. Bankruptcy ⟊386—Even if creditor's petition to set aside order confirming composition was sufficient, bankrupt, admitting failure to deposit notes, was entitled to trial (Bankr. Act, §§ 12b, 13, [11 USCA §§ 30, 31]).

Even if creditor's petition to set aside confirmation of composition settlement, which fail-

ed to show bankrupt's fraudulent intent, was sufficient, under Bankruptcy Act, § 13 (11 USCA § 31), bankrupt was entitled to trial on issue whether order should be set aside, though bankrupt's attorney admitted notes to creditor, constituting part of composition, had not been deposited as required by section 12b (11 USCA § 30).

**9. Bankruptcy 386—Admission of bankrupt's attorney that bankrupt's composition notes had not been deposited, if showing fraud, did not dispense with proof that petitioner, seeking to set aside confirmation, subsequently acquired knowledge of fraud (Bankr. Act, §§ 12b, 13 [11 USCA §§ 30, 31]).**

Admission of bankrupt's attorney that notes required to be deposited as condition to confirming composition settlement, under Bankruptcy Act, § 12b (11 USCA § 30), had not been deposited, even if such failure constituted fraud, did not dispense with proof that knowledge of fraud came to creditor seeking to set aside confirmation of composition subsequent to confirmation under section 13 (11 USCA § 31).

**10. Bankruptcy 386—On petition to set aside order confirming composition, appearing bankrupt should generally be allowed to answer, if demurrer is overruled (Bankr. Act, § 13 [11 USCA § 31]).**

If bankrupt's appearance without having answered petition to set aside order confirming composition under Bankruptcy Act, § 13 (11 USCA § 31), be treated as demurrer, bankrupt, in usual course, is allowed leave to answer.

**11. Bankruptcy 386—Court may set aside order confirming composition only for bankrupt's fraud (Bankr. Act, §§ 2, 13 [11 USCA §§ 11, 31]).**

Power of court to set aside order confirming composition is limited by Bankruptcy Act, § 13 (11 USCA § 31) to fraud of bankrupt, irrespective of general powers conferred by section 2 (11 USCA § 11), under which court may annul judgment improvidently issued by reason of bankrupt's innocent misrepresentation.

**12. Bankruptcy 384—Court, after confirming composition, may compel bankrupt to deposit consideration innocently misrepresented by bankrupt as deposited (Bankr. Act, §§ 12b, 12e [11 USCA § 30]).**

As incident to court's retention of jurisdiction to distribute consideration after confirming composition under Bankruptcy Act, § 12e (11 USCA § 30), court has power to compel bankrupt to make good his representations, under section 12b, by depositing consideration which he innocently misrepresented as already deposited.

**13. Bankruptcy 384—Petition alleging bankrupt's failure to deposit notes under composition agreement held to justify order directing their deposit after confirmation (Bankr. Act, §§ 12b, 12e, 13 [11 USCA §§ 30, 31]).**

Petition alleging failure of bankrupt to deposit notes which creditor was entitled to receive under terms of composition, though insufficient to set aside order confirming composition under Bankruptcy Act, § 13 (11 USCA § 31), *held* sufficient to justify order directing

bankrupt to deposit composition notes for petitioner, in absence of adequate excuse under section 12b (11 USCA § 30), under which bankrupt is required to deposit consideration before applying for confirmation of composition settlement under section 12e.

**14. Bankruptcy 384—Bankrupt, not proving excuse for failure to deposit consideration prior to confirmation of composition, is subject to direct order and attachment (Bankr. Act, § 12b [11 USCA § 30]).**

Bankrupt, who fails to prove excuse for failing to deposit composition notes after having represented that such notes were deposited, under Bankruptcy Act, § 12b (11 USCA § 30), is subject to direct order and attachment after confirmation of composition.

Appeal from the District Court of the United States for the Southern District of New York.

Petition by Isidor Klein to set aside an order confirming a composition in the matter of Isidor Klein, Inc., bankrupt, opposed by the bankrupt. From an order setting aside the confirmation order, the bankrupt appeals. Reversed and remanded.

Following the filing of a petition in bankruptcy and before adjudication, the bankrupt corporation offered terms of composition to its creditors. The offer was accepted, and an order confirming the composition was entered by the District Court on January 28, 1927. Shortly thereafter, on February 9, 1927, a creditor, Isidor Klein, filed his petition to set aside the order of confirmation. His petition alleges that he is a creditor of the bankrupt in the sum of $6,000, and listed as such in the bankrupt's schedules; that the bankrupt offered its creditors a composition of 30 per cent. of their claims, 15 per cent. payable in cash, and 15 per cent. in deferred payments, to be evidenced by promissory notes; that thereafter the bankrupt sought from petitioner a waiver of the deposit of the cash consideration due him under the terms of said composition, and represented to him that it was the purpose of the bankrupt to remain in business at the old location, and petitioner, in reliance upon such representations, executed the desired waiver of deposit of the cash consideration to which he would have been entitled; that the composition was confirmed; that petitioner has since learned that all the assets of the bankrupt have been sold, and instead of remaining in business as a going concern it has entirely ceased business; that petitioner is also informed that the bankrupt "has failed to deposit the notes which your petitioner is entitled to receive under the terms of composition"; that the bankrupt was guilty of a gross fraud in procuring

the confirmation of the composition, "in making false and fraudulent representations to your petitioner as aforesaid," and that, had it not been for the false and fraudulent representations made to petitioner, the bankrupt would have been unable to procure confirmation of its offer of composition; and therefore petitioner prays that the bankrupt be ordered to show cause why the order of confirmation should not be set aside, the bankrupt's property returned to the receiver in bankruptcy, and such other relief given as justice may require.

An order to show cause was thereupon entered. In response to that order the bankrupt appeared by its attorney, and its attorney having stated in open court that the promissory notes for the petitioner had not been deposited with the referee to whom the composition proceedings had been referred, the court forthwith entered an order adjudging that the bankrupt procured the confirmation of the composition "by fraud practiced upon the court, in that it falsely represented that the consideration of the composition called for by the terms thereof were deposited for distribution," and further ordering that, unless the bankrupt deposit composition notes for petitioner within five days, the order of confirmation be vacated. This is the order appealed from.

David Haar, of New York City, for appellant.

Breitbart & Breitbart, of New York City (Archibald Palmer, of New York City, of counsel, and Max L. Rosenstein, of New York City, on the brief), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above). Setting aside an order confirming a composition is controlled exclusively by section 13 of the Bankruptcy Act:

"The judge may * * * within six months * * * set the same aside * * * if it shall be made to appear upon a trial that fraud was practiced in the procuring of such composition, and that the knowledge thereof has come to the petitioners since the confirmation of such composition." 11 USCA § 31.

With reference to this section, this court has expressed the view in dicta that, after signing the confirmation order, the only power left in the bankruptcy court is to set the composition aside "for the reasons, and only for the reasons, set forth in section 13." In re Mirkus (C. C. A.) 289 F. 732, 734, 31 A.

L. R. 435. See, also, In re Abrams & Rubins, 173 F. 430 (D. C. N. Y.); In re Rudnick, 93 F. 787 (D. C. Mass.); In re Cooper Bros., 166 F. 932 (D. C. N. Y.).

The petition of the appellee may be regarded as alleging two grounds for the relief demanded: First, that the bankrupt ceased business, although it had represented that its "purpose" was to remain in business, and thereby had procured Klein's waiver of the cash deposit; second, that the bankrupt failed to deposit composition notes for Klein. Neither of these grounds is alleged in such a way as to amount to a charge of fraud in procuring the composition.

[1-3] As to the first, there is no allegation that, when the bankrupt stated its purpose to be to continue in business, such was not its real purpose. It may have so stated honestly, and later changed its purpose. This would not be fraud. Mere failure to perform promises given in composition settlement is not ground to vacate the order of confirmation. In re Eisenberg, 148 F. 325 (D. C. N. Y.), cited in In re Mirkus, supra. True, the eleventh paragraph of the petition does allege that the bankrupt was guilty of a "gross fraud * * * in making false and fraudulent representations to your petitioner, as aforesaid." But this is idle rhetoric. Fraud is not to be inferred, and can only be alleged by stating facts which show that the false representations were made with fradulent intent. Moreover, there was no finding of fact as to the first charge of fraud, nor does the court's order purport to rest upon it.

The second ground is, as a charge of fraud, as ill pleaded as the first. It charges merely a failure to deposit notes for Klein. Although the bankrupt's application for confirmation of its offer of composition had alleged the deposit of the notes required for the composition, this fact is not stated in Klein's petition. It appears from the recitals of the order appealed from. For all that appears from the petition, such failure may have occurred through inadvertence, or mistake, or by supposed arrangement with Klein himself, without any fraudulent intent upon the part of the bankrupt. Undoubtedly failure to deposit composition notes might be of such character as to amount to fraud in procuring the composition. Section 12b of the act (11 USCA § 30) provides that an application for confirmation may be filed after, but not before, it has been accepted by the requisite creditors, "and the consideration to be paid by the bankrupt to his creditors, and the money necessary to pay all debts which have priority and the cost of the proceedings,

have been deposited" subject to the order of the judge.

[4-7] The bankrupt's application for confirmation, official form No. 61, requires him to state that he has deposited "the consideration to be paid" to his creditors. That this means notes, as well as cash, if notes form part of the consideration, can scarcely be doubted. See Kinkead v. J. Bacon & Sons, 230 F. 362 (C. C. A. 6); In re H. Batterman Co., 231 F. 699 (C. C. A. 2); Collier, Bankruptcy (13th Ed.) 444. If he has not deposited the consideration, he has stated to the court something which is not true. If he knew that it was not true, then he procured confirmation by fraud, and the order of confirmation may be set aside pursuant to section 13. But if he made the statement in good faith, though it be false, it is not fraudulent. The difficulty with the appellee's petition is that it does not show the bankrupt's failure to deposit notes to have been fraudulent. Moreover, even if fraud in this regard were adequately charged, there is no allegation that knowledge thereof has come to the petitioner since the confirmation of the composition, as is required by section 13. This fact should be pleaded. See In re Roukous, 128 F. 645 (D. C. R. I.). Therefore the petition was insufficient on its face to justify setting aside the order of confirmation on the ground of fraud.

[8-10] Furthermore, even if the petition were regarded as sufficient, a trial should have been had. The act requires that "it shall be made to appear upon a trial that fraud was practiced * * * and that knowledge thereof has come to the petitioner since the confirmation of such composition." A common practice is to refer the issues of fact to the referee as special master. In re Siff, 295 F. 761 (D. C. N. Y.); Remington, Bankr. (3d Ed.) § 3149. The court's order recites that the bankrupt's attorney admitted that notes for Klein had not been deposited, but we doubt if this was sufficient to dispense with proof of fraud, and certainly it was not enough to dispense with proof that the petitioner learned thereof after the order of confirmation—a necessary fact, not even alleged. If the bankrupt's appearance without having answered be treated as a demurrer, the usual course, if the demurrer were overruled, would be to allow leave to answer. In re Ballance, 219 F. 537 (C. C. A. 2). There is nothing in the record from which we can infer that the bankrupt was willing to dispense with a trial, and of this we should be satisfied beyond a doubt before cutting off its day in court.

[11] It remains to be considered whether the order may be sustained on the theory that the court had power to set aside its order of confirmation, not by virtue of section 13, but by virtue of a general power to annul a judgment improvidently issued by reason of the bankrupt's misrepresentation, though innocent, in its application for confirmation. Bankruptcy Act, § 2 (11 USCA § 11), invests courts of bankruptcy with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings, to "(9) confirm or reject compositions between debtors and their creditors, and set aside compositions and reinstate the cases." The problem is whether the general authority expressed in section 2 is limited by section 13 already quoted. Remington (op. cit. § 3140) expresses the view that the judge retains the same power to set aside for irregularity orders of confirmation of compositions that he has in respect to other matters. The only case cited by him is City Nat. Bank v. Doolittle, 107 F. 236 (C. C. A. 5). That case is not an actual decision of the point, and, indeed, the inference that such was the court's view seems to us by no means clear. The District Court, having set aside an order of confirmation in order to allow a creditor to file amended specifications of objection to confirmation of the composition, thereafter annulled its setting aside order and reinstated the order of confirmation. On appeal by the creditor, the order of confirmation was affirmed; the court saying, at page 240:

"* * * And it has been held that section 13 'defines exclusively the grounds upon which it [the confirmation] may be set aside.' Coll. Bankr. 157, 158; In re Rudnick (D. C.) 93 F. 787. But we do not decide that the court may not, under certain circumstances, set aside the confirmation of a composition and reinstate the case, just as courts in general may open their judgments. We do not consider it necessary to decide that question in this case. * * *"

A similar problem exists with respect to setting aside a discharge (section 15; 11 USCA § 33); and in fairness to Mr. Remington it should be noted that further support for his view can be found in several cases involving the setting aside of discharges. See Remington, op. cit. § 3615. The question as to compositions is ably expounded by Judge Lowell in the Rudnick Case, supra. There is also a most thorough discussion with respect to both compositions and discharges by Judge Amidon in In re Aasand, 7 F.(2d) 135 (D. C. N. D.). The arguments presented in those opinions need not be here repeated. They convince us that the general power con-

ferred by section 2 is limited by section 13, and that we should adhere to our own dicta, in In re Mirkus, supra, that this section sets forth the only grounds for setting aside an order confirming a composition. See, also, In re Siegel, 256 F. 226 (C. C. A. 2). Whether section 15 limits similarly the power to set aside discharges we need not now decide.

[12-15] For the foregoing reasons the order of the District Court must be reversed, but the cause must be remanded, for the petition, though insufficient to sustain an order setting aside the composition, may stand as one to compel the bankrupt to deposit the composition notes to which Klein is entitled.

It may be assumed, for present purposes, that the bankrupt's failure to deposit was innocent of fraudulent intent. Upon the oral argument it was stated to us that it is customary practice in composition cases for the bankrupt to deposit a single note payable to the judge or referee for the aggregate amount of all the composition notes to be given creditors and later, after confirmation, to substitute therefor notes payable to the several creditors for the exact amounts to which they are respectively entitled. Whether this is a practice which conforms to the requirements of the act is not before us and need not be now decided. It indicates, at least, that a bankrupt, advised by his attorney that this was proper practice, might innocently represent to the court that he had deposited the required consideration, even though notes for a specific creditor had not been deposited. Even if individual notes for the several creditors listed in the schedules were attempted to be deposited, the proper note for some creditor might be omitted by inadvertence, or mistake in calculation, or intentionally, on the erroneous supposition that he had waived the deposit. In each such instance the bankrupt will have failed to comply with the requirements of section 12b quoted above.

This section contemplates that the bankrupt's composition, when he applies for confirmation, shall be a contract between him and his creditors already executed on his part. He should have nothing to do by way of performance. But by mistake he may have failed to perform. It would be shocking if the bankrupt could profit by his own mistake. The court, after confirmation, retains jurisdiction to distribute the consideration (section 12e), and as incidental thereto we think it has power to compel the bankrupt to make good his representation by depositing the omitted consideration which he has innocently misrepresented as already deposited. This was in effect what was done in In re

Watman, 291 F. 886 (D. C. N. Y.). We believe it was correctly done. No other authority has been found which deals with the problem under discussion.

Therefore the petition set up facts which would justify an order directing the bankrupt to deposit composition notes for the petitioner in the absence of adequate excuse. If the bankrupt, after its day in court, fails to prove any, it will be subject to direct order and attachment.

The order is reversed, and the cause remanded for further proceedings in conformity herewith.