### DANCIGER v. SMITH.

Circuit Court of Appeals, Fifth Circuit. December 2, 1929.

No. 5574.

J. M. McCormick, of Dallas, Tex., and I. J. Ringolsky and Wm. G. Boatright, both of Kansas City, Mo., for appellant.

W. B. Harrell, of Dallas, Tex. (Jed C. Adams and W. B. Harrell, both of Dallas, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. On his voluntary petition, Nelson Kavanaugh Smith was adjudged bankrupt in June, 1921. No assets were listed and no trustee was appointed. Pursuant to an application filed by the bankrupt in August, 1921, an order purporting to discharge him was made by the judge on September 23, 1921. On July 13, 1928, the petitioner, Joseph Danciger, claiming to be the assignee of the only creditor who had proved his claim and of other creditors who had not proved their claims, filed a petition to set aside and vacate the order of discharge. That relief was sought on two grounds: (1) That the order fixing a day on or before which the creditors or other parties in interest might show cause why the petition for discharge should not be granted, and the notices required by law to be given to creditors (Bankruptcy Act, amended § 58 [11 USCA § 94]) were made and given by the referee, and not by the judge or court; and (2) that the bankrupt fraudulently concealed from his creditors described valuable assets he had at the time his bankruptcy petition was filed and at the time he filed his application for discharge. A motion to dismiss the petition was sustained.

The discharge order is not subject to be attacked on the ground that the notices to creditors were given by the referee, as the Bankruptcy Act, § 58c, 11 USCA § 94(c), provides that "all notices shall be given by the referee, unless otherwise ordered by the judge." The record shows that the provisions of the following rules of the court were complied with:

"40. * * * Upon the filing of a petition in proper form for discharge, the clerk shall forthwith mail the duplicate thereof to the referee to whom the case has been referred. On receipt of the petition for discharge, the referee shall fix a day on or before which the creditors or other parties in interest may show cause why the petition should not be granted, the referee shall give at least thirty days notice to all the creditors, as required by law, in which shall be stated that if the creditors or other parties in interest purpose to show cause why the discharge should not be granted, they must on or before the day fixed by him, as aforesaid, to show cause, file with him their appearance, as provided in General Order XXXII of the Supreme Court of the United States in Bankruptcy. The referee shall also cause a like notice to be published at least once in the newspaper designated by the court, in the county of the bankrupt's residence, for that purpose, at least one week before the day on which the creditors are required to appear and show cause.

"41. If no opposition to a petition is filed with the referee on or before the day named in the notice to the creditors, or, if filed and no specifications in support thereof are filed before him within thirty days allowed as provided in General Order XXXII of the Supreme Court of the United States, the referee shall, unless the judge directs otherwise, forthwith mail to the clerk of this court at Dallas the petition for discharging with his certificate showing that due notice of the filing thereof has been mailed to the creditors and also has been published as directed, that no opposition has been filed by any one, stating the amount of unpaid costs and expenses in said cases, if any, and also whether the bankrupt has or has not complied with the Bankruptcy Act as far as to him known. The petition for discharge will then stand for hearing before the judge without further notice to the parties.

"42. If opposition to the petition for discharge is filed on or before the day fixed by the referee, he shall, unless the judge directs otherwise, proceed to hear the same and report the facts together with his findings thereon. Accompanying his report shall be the duplicate petition for discharge, all pleadings and depositions considered by the referee, together with a statement of all costs paid and to be paid, by any party in the proceeding. After the certificate has remained on file at least ten days, the clerk will notify the bankrupt and all contesting creditors or their attorneys of record by mail of the time and place fixed for the hearing."

For the petitioner it was contended that the provision of the above set out rule 40 as to the referee fixing a day on or before which creditors or other parties in interest may show cause why the petition for discharge should not be granted was invalid, because such an order to show cause is one required to

be made by the judge. Nothing in the Bankruptcy Act (11 USCA) or in the General Orders (11 USCA § 53) requires such an order to be made by the judge. What is relied on to support the contention under consideration is the concluding part of the order of notice form contained in official Form No. 57 (11 USCA § 53), "Witness the Honorable ——— judge of the said court, and the seal thereof,. at," etc. It is urged that the language just set out indicates that the form of order of which it is a part must be made by the judge. In the circumstances disclosed by the record, to sustain the contention under consideration would amount to subordinating substance to mere form. It appears from the record that the notices prescribed by the Bankruptcy Act and the rules of the court were given, that every creditor had the opportunity to oppose the application for a discharge and failed to do so, and that the judge ratified the action of the referee with reference to the application for discharge by granting that application after such action of the referee had been certified to him. The record negatives the conclusion that any substantial right of any creditor or other party in interest was prejudiced by the notice of the petition for discharge and to show cause why that petition should not be granted being given by the referee, pursuant to a court rule on the subject, which plainly was the equivalent of an order by the judge, instead of pursuant to an order made and signed by the judge in the form set out in Form 57. Assuming, without deciding, that such an order should have been made by the judge in the form prescribed, a ruling that what was done amounted to giving all the notices required by law was, in the circumstances disclosed, at most a mere technical error which did not affect the substantial rights of any party. Such an error is not a ground of reversal. 28 USCA § 391. We conclude that in the failure to sustain the first above-mentioned ground of attack on the order of discharge there was no reversible error. The just-stated conclusion renders unnecessary a decision of the question whether a proceeding to vacate a discharge of a bankrupt on a ground other than fraud of the bankrupt is or is not maintainable if that proceeding is not instituted within one year after the discharge was granted. In re Rudnick (D. C.) 93 F. 787; City Nat. Bank v. Doolittle (C. C. A.) 107 F. 236; Bankruptcy Act, §§ 2 (12), 15, 11 USCA §§ 11(12), 33.

■ The order of discharge was not subject to be revoked or vacated on the second above-mentioned ground, because under section 15 of the Bankruptcy Act a petition to revoke a discharge because it was obtained through fraud of the bankrupt is not maintainable unless it is filed within one year after the discharge was granted.

The order complained of is affirmed