In re JOHNSON.

(District Court, W. D. Arkansas, Harrison Division. January 2, 1908.)

1. BANKRUPTCY—RULES—VALIDITY.

Under Bankr. Act July 1, 1898, c. 541, § 30a, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3434], providing that all necessary matters, forms, and orders as to procedure and for carrying the act into effect shall be prescribed by the United States Supreme Court and general orders No. 38 (89 Fed. xiv, 32 C. C. A. xiv), declaring that the several forms annexed thereto shall be observed and used with such alteration as may be necessary to suit the circumstances of the particular case, bankruptcy rule 15 of the Western district of Arkansas, authorizing referees to order notice to creditors of the application for the bankrupt's discharge and fix the date of hearing, is void as in conflict with form 57, requiring that such notice shall be ordered and the date of hearing be fixed by the court.

2. SAME—REFEREE—JURISDICTION.

By Bankr. Act July 1, 1898, c. 541, §§ 14–17, and section 38a (4) 30 Stat. 550, 555 [U. S. Comp. St. 1901, pp. 3427, 3428, 3435], all questions arising out of the application for a bankrupt's discharge are expressly required to be originally presented to the court, and are withheld from the referee.

3. SAME—COMPLETION OF PROCEEDINGS—REFEREE'S REPORT—DISCHARGE.

The Arkansas bankruptcy rule 12 (1) requires that, when an application for discharge is filed with the clerk, he shall forthwith send it to the referee, who shall immediately examine it, and ascertain if it is in proper form, and, if so, he shall immediately report that fact to the judge, with the statement as to whether the bankrupt has complied with the act, and whether, in the referee's judgment, the case is sufficiently advanced and the proceedings in proper condition to entitle the bankrupt to his discharge. *Held*, that, where an application for discharge was filed while the examination of the bankrupt was in progress to discover assets supposed to have been concealed, it was improper for the referee prior to the completion of such examination and the showing of record that it was closed to report that the proceedings were sufficiently advanced to entitle the bankrupt to his discharge.

Application to Vacate Order Granting Discharge.

E. S. Alexander, for creditors.
Crump, Mitchell & Trimble, for bankrupt.

ROGERS, District Judge. It appears from the record in this case that Thomas W. Johnson was adjudged a bankrupt on October 3, 1907, and the case sent to the referee. An examination of the bankrupt, the purpose of which was obviously to discover assets he was supposed to have concealed, was begun on October 21st, and continued at intervals, before the referee, until the 20th of November, 1907. Among the witnesses called were his wife, his son, and others into whose hands it was supposed part of his assets had gone. Meantime the bankrupt, on the 7th of November, 1907, filed his petition for discharge. This petition,

under rule 15 in bankruptcy of this court (then in force, but now abrogated), was on that day referred to the referee. In conformity to said rule, on the same day, the referee made the following order:

"Comes F. M. Garvin, referee in bankruptcy of this court, and reports that he has examined the application of the bankrupt for a discharge in the above-entitled case, and finds the same to be in proper form. He further reports that the bankrupt has in all things complied with the bankruptcy act, and that in his judgment the case is sufficiently advanced and the proceedings in a proper condition to entitle the said bankrupt to his discharge. He further finds that the honorable judge is absent from this division of the district, and in pursuance of an order of this court made and entered of record on the 10th day of June, A. D. 1906, the referee makes the following order: The clerk will give notice that a hearing will be had upon the said application for a discharge on the 23d day of November, A. D. 1907, before said court at Harrison, in said district, and notice thereof be published in the Boone Banner, a newspaper published in the county of Boone, in said district, and that all persons in interest may appear at the said time and place and show cause, if any they have, why the prayer of said petitioner should not be granted. And it is further ordered that the clerk shall mail to all known creditors copies of said petition and this order, addressed to them at their places of residence as stated.

"Dated at Harrison, in said district, this the 7th day of November, A. D. 1907.                                        F. M. Garvin, Referee."

Thereupon the clerk caused a notice to be published in the Boone Banner, the newspaper designated for the publication of notices in bankruptcy, and on November 18, 1907, the editor and publisher of that paper filed a copy of said notice, duly attested, under oath, showing that it had been published on November 14, 1907, in that paper; the publication having occurred nine days before the date set for the hearing of the application for discharge. Clerk also certifies that on the 7th of November, 1907, he sent by mail to all known creditors copies of the order of the referee, supra, and the petition for discharge, as in said order directed. In this shape the record stood when the application for discharge was presented to the District Court for its action, under rule 12 in bankruptcy of this court. The record disclosing no appearance by any creditor, and, no objections having been filed to the petition for discharge, the court on the 26th of November, 1907, ordered the bankrupt discharged, as a matter of course. At the time the order of discharge was made, the court knew absolutely nothing of the status of the case, except as it appeared from the record above referred to. Three days after the discharge was granted, a paper entitled, "Petition for Rehearing on Application for Discharge" of the bankrupt, was filed with the clerk, and forwarded to the court for its consideration. Thereupon the court ordered all the testimony before the referee of the bankrupt and other witnesses sent to him, and has carefully examined all the evidence and the other parts of the record. Ordinarily I should set the motion down for hearing, and give the bankrupt notice; but the conclusion I have reached cannot be altered by any facts, in view of what the record affirmatively shows. In this case a very careful and critical examination of the matter has convinced me that rule 15 in bankruptcy of this court is in conflict with the bankruptcy law and the rules and forms adopted by the Supreme Court of the United States pending and in force, and is therefore invalid. Sec-

tion 30a of the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3434]) provides:

"All necessary rules, forms, and orders as to procedure and for carrying this act into force and effect shall be prescribed, and may be amended from time to time, by the Supreme Court of the United States."

In pursuance of this section, the Supreme Court prescribed certain forms and general orders which were put in force on the first Monday in January, 1899, and are still in force and binding on the bankrupt courts. General order 38 (89 Fed. xiv, 32 C. C. A. xiv) provides that:

"The several forms annexed to these general orders shall be observed and used, with such alterations as may be necessary to suit the circumstances of any particular case."

Form 57 (89 Fed. lvii, 32 C. C. A. lvii) prescribes for notice to be given to creditors of the application for discharge; but the day fixed for the hearing of the application shall be made by the court, and not by the referee, as prescribed by rule 15 in bankruptcy in this district, which is now abrogated. Moreover, this order is an order of court, and must go on the bankruptcy record, which is the practice now obtaining in this district; but no orders of the referee can properly go on the bankruptcy record which is kept by the clerk, and this, I think, demonstrates that the referee cannot be granted the power to make the order as provided in rule 15.

Again, the examinations of sections 14 to 17, inclusive, and section 38a (4) of the bankruptcy law, show that all questions at every step arising out of applications for discharges are original questions for the court, and expressly withheld from the referees. The whole proceeding which was had in the case at bar therefore, after the application for discharge was filed with the clerk, was irregular and invalid, primarily because rule 15 was invalid. The referee, therefore, had no power to make the order requiring notice to be given to the creditors, or fixing the date when the application for discharge should be heard, because his action in so doing failed to comply with form 57, prescribed by the Supreme Court of the United States.

But this case presents another question, which ought not to be overlooked, and which is now considered for the future guidance of referees. Rule 12 (I) in bankruptcy in this district, which is now in force, requires that, when the application for discharge is filed with the clerk, the latter shall forthwith send it to the referee having charge of the bankruptcy proceeding. Upon receipt of the application, the referee shall immediately examine the same, and ascertain if it be in proper form; and, if not in the prescribed form, he shall return the same to the clerk, and notify the bankrupt of the defect therein for correction, and upon such correction the clerk shall forthwith return the same to the said referee. When the application is found to be in proper form by the referee, "he shall immediately report that fact to the judge of the court, with a statement as to whether or not the bankrupt has, in all things, complied with the bankrupt act, and whether, in his judgment, the case is sufficiently advanced and proceedings in proper condition to entitle the bankrupt to his discharge. And thereupon the court will direct the clerk to give the notice prescribed therein by

form No. 57 of the forms in bankruptcy." In substance the same provision was contained in rule 15 which has been abrogated. When the petition in the case at bar was filed with the clerk, it was forwarded to the referee, in order that he might examine it and see whether it was in proper form, and, if so, report to the court the status of the case, as required by rule 12, from which the above quotation is made. In the case at bar the referee made the certificate substantially in form as required by rule 12; in other words, stated that, in his judgment, the case was sufficiently advanced, and the proceedings in proper condition to entitle the bankrupt to his discharge. In the opinion of the court this action upon the part of the referee was a clear error of judgment. This report and statement as to the status of the case appears affirmatively upon the record as having been made by him on the 7th of November. An examination of the testimony taken before the referee shows, as heretofore stated, that the examination of the bankrupt began on the 21st of October, and that examination did not close until the 20th of November, 13 days after the referee had made the report and statement above referred to, and the examination of the bankrupt himself did not close, according to the depositions taken before the referee, until the 20th of November. So far as the referee's record discloses, the examination being had by the counsel for the creditors with a view of discovering the supposed concealed assets of the bankrupt has not yet been closed. The referee could not have known at the time his report and statement was made what the investigation would develop if it was not concluded. Until it was concluded, the proceedings were not in a proper condition to entitle the bankrupt to a discharge. The referee should have known, and the record so made to show, that the examination was closed, if necessary, by compelling counsel for the creditors to so state; or, if necessary, to make an order closing it himself, of which counsel should have been advised. Until that was done, and the examination appeared to him to be fruitless, no report should have been made to the court that the status of the case was such as to justify the discharge of the bankrupt. The making of this report and statement by the referee, under such conditions, entirely misled the court, and caught counsel off their guard. Counsel had a right to assume that no such order would be made pending the investigation, and they were not prepared, until the investigation had closed, to advise their clients whether it was worth while to oppose a discharge. Moreover, their clients might reasonably suppose that, if any such order was made pending the investigation, their attorneys would know of it; and hence, not thinking it necessary to send them the notices, they were therefore very naturally caught off their guard. For these and other reasons, it is obvious that the report should not have been made pending the examination of the bankrupt before the referee. The benefit which the bankruptcy law secures to the unfortunate debtor is relief from all his dischargeable obligations when discharged; but the condition precedent to his discharge is the surrender of his property in conformity with the requirements of the bankruptcy law, and every step taken in the administration of the bankruptcy law (which is an equitable proceeding) should be open and fair, and all

parties given a reasonable opportunity to be heard at every stage affecting the interests of creditors.

It is not meant to indicate, in this opinion, that there was in the case at bar any disposition upon the part of the referee to mislead the counsel for the creditors; but the making of this report, under the circumstances, was well calculated to so result, and similar action should be avoided in the future.

The order in this case will be that the order heretofore made granting Johnson the discharge will be vacated and set aside for want of proper notice, and that the application for discharge be referred to the referee, with instructions not to report the case as sufficiently advanced and the proceedings in proper condition to entitle the bankrupt to a discharge until the examination of the bankrupt has been formally closed, and no litigation pending against him to vacate and set aside conveyances as fraudulent.