In re RANDALL.

(District Court, E. D. Pennsylvania.   February 19, 1908.)

No. 2,776.

1. BANKRUPTCY—DISCHARGE—SPECIFICATIONS OF OBJECTION—DISPOSAL.
   A motion for a bankrupt's discharge cannot be granted until specifications of objection have been disposed of.
2. SAME—REFERENCE—CERTIFICATE OF CONFORMITY.
   Since a referee in bankruptcy has no power to decide any question relating to the bankrupt's discharge until that subject has been referred to him by the judge, a certificate of conformity issued by a referee before specifications of objection to the bankrupt's discharge had been disposed of was without authority and would be disregarded.

3. SAME—SPECIFICATIONS OF OBJECTION—SUFFICIENCY.
   Specifications of objection to a bankrupt's discharge, alleging that the bankrupt had concealed or failed to have kept books of account or records from which his financial condition might be ascertained, and that while under examination under oath before the referee he failed to show what he had done with money borrowed from his sister-in-law, were sufficiently specific.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 714.]

4. SAME—VERIFICATION—CREDITOR'S ATTORNEY.
   Specifications of objection to a bankrupt's discharge should be verified by the objecting creditor, and not by his counsel, unless some reason is given why the oath is not taken by the creditor.

In Bankruptcy.   On motion for discharge and objections thereto.

Yerkes, Ross & Ross, for bankrupt.
Henry A. James, for objecting creditor.

J. B. McPHERSON, District Judge.   The hearing upon the bankrupt's petition for a discharge was fixed by the court for December 31, 1907, and upon that day a creditor appeared and filed several specifications of objection.   While they were pending, and also within 10 days after December 31st—that period after the return day being always permitted to elapse in this district before further action on the petition is taken—the referee, probably at the bankrupt's request, granted a certificate of conformity, which is now presented as the ground for asking that the discharge should be immediately allowed.   This motion cannot be granted until the specifications of objection have been disposed of, and this has not yet been done.   Moreover, the certificate of conformity was without authority and must be disregarded.   A referee has no power to decide any question relating to the bankrupt's discharge until that subject has been referred to him by the judge, and no such order has been made in the case now pending.

The court is asked also to dismiss the objections as too general, and I think the motion should prevail as to the third and fourth specifications, and the concluding clause of the second.   The first specification, however, and part of the second, are precise enough to call for examination by the referee:

"(1) That said bankrupt concealed or failed to have kept books of account or records from which his financial condition might be ascertained." Godshalk v. Sterling, 129 Fed. 580, 61 C. C. A. 148.

"(2) That, while under examination under oath before the referee, he failed to show what he did or had done with money which he alleged to have borrowed from his sister-in-law, Anna Rodrock Randall. * * *"

The referee is therefore directed to hear the objections thus quoted, and report thereon at his early convenience.

I note, also, that the specifications are verified, not by the objecting creditor himself, but by his counsel, without explanation of the reason why the oath is not taken by the party directly in interest. This is contrary to our practice (Re Milgraum & Ost [D. C.] 129 Fed. 828); but, as the bankrupt is apparently content to meet the specifications in their present form, I shall pass the matter by, merely adding that the inaction of the court must not be regarded as equivalent to approval.