# MAYER *v.* AMERICAN SECURITY & TRUST COMPANY, EXECUTOR OF MAYER.

APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 77.  Argued December 5, 1911.—Decided December 18, 1911.

Equitable titles are subject to devise and if not specifically bequeathed, form part of the residuary estate.

One of the objects of a residuary clause is to gather up unremembered, as well as uncertain, rights; and the words "all the rest and residue of my estate, real, personal and mixed, which I now possess or which

may hereafter be acquired by me" are sufficient to carry an equitable estate.

33 App. D. C. 391, affirmed.

THE facts are stated in the opinion.

*Mr. A. S. Worthington* and *Mr. Edwin C. Brandenburg*, with whom *Mr. Clarence A. Brandenburg* and *Mr. F. Walter Brandenburg* were on the brief, for appellant:

A possibility of reverter is not an interest or estate in land that can be devised or assigned. *Vail* v. *Long Island R. R. Co.,* 106 N. Y. 287; *Towle* v. *Remson,* 70 N. Y. 309; *De Peyster* v. *Michael,* 6 N. Y. 506; *Nicholl* v. *N. Y. & Erie R. R. Co.,* 12 N. Y. 131; *Locke* v. *Hale,* 165 Massachusetts, 20; *Bouvier* v. *Baltimore & N. Y. R. R. Co.,* 67 N. J. Law, 281; *Helms* v. *Helms,* 137 N. Car. 206. See also *Ohio Iron Co.* v. *Auburn Iron Co.,* 64 Minnesota, 407; *Warner* v. *Bennett,* 31 Connecticut, 469; *Highbee* v. *Rodeman,* 129 Indiana, 247; *Berenbroick* v. *St. Luke's Hospital,* 23 App. Div. (N. Y.) 339; Tiedeman on Real Property, § 277; *Sexton* v. *Chicago Storage Co.,* 129 Illinois, 331; *Denver & S. F. Ry. Co.* v. *School District No. 22,* 14 Colorado, 327; and see note 60 L. R. A. 762; *Church* v. *Elliott,* 65 S. Car. 251.

An equitable interest as defined in 15 Cyc. 1087, is "such an interest as a court of equity can pursue and appropriate to the discharge of debts." Certainly this interest does not fall within this definition. As to the law of Maryland where the property is located, see *Iglehart* v. *Armiger,* 1 Bland's Chancery, 519, 524.

The estate could not pass under will. *Upington* v. *Corrigan,* 151 N. Y. 143; *Church* v. *Young,* 130 N. Car. 8; *Goodright* v. *Forrester,* 8 East, 552, 566; *Schulenberg* v. *Harriman,* 21 Wall. 44; *Ruch* v. *Rock Island,* 97 U. S. 693.

The cases cited in opposition are based on statute and do not apply to this property.

Under Maryland statutory provision the property was

not such as could pass under the will, under the law as in force at the time of Mr. Mayer's death.

There is no presumption in favor of an intention on the part of the testator to deprive his heir at law of his real estate. Such an intent must be clear and free from doubt. *Rizer* v. *Perry*, 58 Maryland, 121, 137; *Bourke* v. *Boone*, 94 Maryland, 477; *Hambleton* v. *Darrington*, 36 Maryland, 446; *Doe* v. *Underdown*, Willes, 293.

The words used in the agreement regarding a reconveyance are practically a direction to reconvey to the heir, inasmuch as the interest of the testator, before breach, was not assignable. *Locke* v. *Hale*, 165 Massachusetts, 20.

To tie up the property here involved until appellant reaches forty-eight years of age does violence to the rule of law favoring the early vesting of estates. *Mercer* v. *Safe Deposit Company*, 91 Maryland, 114.

Apt words were not used, and the words used did not include this possibility for the reason that "estate" does not include such a possibility. *Cole* v. *Ensor*, 3 Maryland, 452.

*Mr. Wm. F. Mattingly* for appellee:

The cases where the donor conveys directly to the donee upon condition and cases of mere possibility of reverter have no application to the case at bar, yet if the testator's estate in this property was a contingency coupled with an interest or a possibility coupled with an interest, and it was all that and more, then it was devisable and formed part of the residuary estate. 4 Kent's Comm. 261; *Jones* v. *Roe*, 3 Term Rep. 88. See also 2 Williams' Saunders, 338*k; Doe* v. *Weatherby*, 11 East, 322; *Williams* v. *Thomas*, 12 East, 141; *Hayden* v. *Stoughton*, 5 Pick. 528; *Clapp* v. *Stoughton*, 10 Pick. 463; *Austin* v. *Cambridgeport Parish*, 21 Pick. 215.

Suppose the testator had lived until after October 15, 1908, the trust company would have reconveyed the prop-

erty to him, or, whether it did or not, the entire title would
have been in him, and would undoubtedly have passed
under the residuary clause of the will.    See Maryland
Code of 1904, § 314.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill for a conveyance to the plaintiff of a parcel
of land to which he claims a right under a trust deed of his
father, Theodore J. Mayer.    The case was heard on bill
and answer, the Supreme Court dismissed the bill, and
its decree was affirmed by the Court of Appeals.    33 App.
D. C. 391.    The facts are these: On February 5, 1907,
Mayer conveyed the premises to the Washington Loan
and Trust Company and the latter executed a declaration
of trust by which it was to convey them to the George
Washington University "when and at such times as"
the University should comply with certain conditions, by
the purchase of certain other specified land, &c.    "In the
event of the failure of the said University to comply with
the terms and conditions of this trust within a reasonable
time after the execution of this instrument, which reason-
able time is to be determined by the Trustee, when said
property, so as aforesaid conveyed to the Trustee, is to
be reconveyed to the said Theodore J. Mayer, his heirs
and assigns."    The word 'when' in the sentence is super-
fluous, but the meaning is plain.    The reasonable time was
determined and has elapsed, as is agreed by the University
as well as by the Trustee, and the conditions have not been
performed, but in March, 1907, before the breach of con-
dition, Mayer died.

Mayer made his will on February 15, 1907, a few days
after the trust deed and a month before his death.    After
pecuniary legacies and a specific devise to the plaintiff of
his residence, its contents, etc., he gave the residue of
his estate to the American Security and Trust Company

in trust to make various payments to the plaintiff at different stated times, and upon his attaining the age of forty-eight years to convey all of the trust fund remaining in its hands to the plaintiff in fee. Then followed gifts to the plaintiff's children in the event of his dying before the testator or before reaching the age of forty-eight, and alternative legacies if he left no children surviving him. The question is whether the property covered by the trust deed should be conveyed to the plaintiff now or falls into the residue to be held upon the trusts created by the will.

The argument for the appellant is that the grantor, Mayer, retained a mere possibility of reverter, which was not devisable, and that if he had more than that still he did not devise it by his will. But the answer is plain. Of course the grantee, the Washington Loan and Trust Company, got the legal title in fee, but by its declaration of trust and its answer it disavowed any beneficial interest, and if the equitable title was in Mayer it was subject to devise by him. But it necessarily was either in Mayer or in the George Washington University, and the courts below were quite right in holding that all rights of the University were subject to a condition precedent that never was fulfilled. The beginning of its rights was to be by conveyance 'when and at such time as' the University should have made the required purchase. Or, as stated in another clause not yet quoted, "This declaration of trust is intended to set forth the terms and conditions under which the said Chevy Chase property, or the proceeds thereof, is to be conveyed or given to the said George Washington University." That it was not given until those terms and conditions were complied with could not be said more plainly. We should add that the University by its answer makes no claim either to the land or to the profits between the date of the deed and the loss of its rights.

Mayer then at his death had a present equitable right to

the land subject only to be defeated by an event that has
not happened, and we see as little ground for doubting
that he disposed of it as there is for denying that he had it.
The residuary clause is in the usual form, "All the rest
and residue of my estate, real, personal and mixed, which
I now possess or which may hereafter be acquired by me";
amply sufficient to carry the equitable estate. No doubt
Mayer thought that the Chevy Chase property would go
another way, but it manifestly was not certain, and more-
over one of the objects of a residuary clause is to gather
up unremembered as well as uncertain rights.

*Decree affirmed.*