DANCIGER AND EMERICH OIL COMPANY *v.* SMITH.

CERTIORARI TO THE COURT OF CIVIL APPEALS, FIFTH SUPREME JUDICIAL DISTRICT OF TEXAS.

No. 224. Argued February 27, 1928.—Decided April 9, 1928.

1. An adjudication in bankruptcy, until followed by the appointment of a trustee, does not divest the bankrupt's title to a cause of action against a third person or prevent him from instituting or maintaining suit thereon. P. 545.
2. S assigned to some of his creditors, as security, a claim on which he had begun suit; agreed to prosecute the suit for their account and, more than four months thereafter, began voluntary bankruptcy proceedings in which no trustee was appointed and in which he concealed the claim and was discharged. *Held* that the

question whether the assignment was void as to his other creditors could not be raised by the defendants against the prosecution of the suit by the bankrupt.  P. 547.

286 S. W. 633, affirmed.

CERTIORARI, 274 U. S. 733, to a judgment of the Court of Civil Appeals of Texas, affirming a judgment recovered by the respondent after his discharge in voluntary bankruptcy proceedings, in an action brought by him more than four months before his petition in bankruptcy was filed.

*Mr. I. J. Ringolsky,* with whom *Messrs. Charles L. Black* and *T. F. Hunter* were on the brief, for petitioner.

The Texas statute required an assignment of a chose in action to be in writing, acknowledged and filed in order to be valid as against persons subsequently dealing with reference to it.  This section was not complied with as to either assignment.  Consequently, these assignments were, under the provisions of the Bankruptcy Act, void as against a trustee in bankruptcy, and this chose in action was as much a part of respondent's estate in bankruptcy as though the assignments never existed.

The assignments being given as security, even if valid as against a trustee in bankruptcy or creditors, did not prevent the chose in action from being a part of respondent's estate in bankruptcy.

Under *First Nat'l Bank* v. *Lasatar,* 196 U. S. 115, respondent cannot, by withholding knowledge of the existence of this chose in action from the bankruptcy court and his creditors, and thus preventing a trustee from being appointed, now assert title to the concealed asset either for himself or for the benefit of a favored creditor.  He cannot be permitted to profit by his own fraud, and to permit him to do so would be a fraud on the bankruptcy court.

The filing of a petition in bankruptcy is a caveat and has the effect of an injunction and attachment on all property of respondent. From that moment, all his property is *in custodia legis*, in the exclusive jurisdiction of the bankruptcy court. Pending the appointment of a trustee, the law holds the property to abide the decision of the court as effectively as if an attachment had issued. This being true, respondent cannot be permitted to exercise ownership and possession over the assets of the estate for the benefit of himself or a favored creditor. That he might be permitted in the interim to maintain a suit for the protection of the estate and all his creditors is an entirely different question.

The title of the trustee relates back to the date of the filing of the petition; the estate can be re-opened at any time to administer concealed assets; the only express provision in the Bankruptcy Act for the re-vesting of title in a bankrupt is by the confirmation of a composition.

Litigants are not permitted to obtain the judgments and orders of courts upon certain representations and then, when it is to their convenience or profit, repudiate such representations and obtain the judgments and orders of another court on a directly opposite state of facts concerning the same matter.

*Messrs. Jed C. Adams* and *W. B. Harrell* submitted for the respondent.

MR. JUSTICE SANFORD delivered the opinion of the Court.

This suit was brought by Smith in the district court for Dallas County, Texas, to recover brokerage commissions claimed to be due him from Danciger and the Emerich Oil Co. He assigned part of this claim to his attorneys; and later assigned the remainder to two of his creditors as security for antecedent debts, agreeing to prosecute the suit in his name and account to them for the proceeds.

More than four months thereafter he filed a voluntary petition in bankruptcy. He did not mention this claim in the schedules, and stated that he had no assets and that none of his property had been assigned for the benefit of creditors. He was thereupon adjudicated a bankrupt. No trustee was appointed for his estate; and he was granted a discharge.

At the trial of the suit the defendants, in addition to their defenses on the merits, relied upon the defense, appropriately pleaded, that by reason of the proceeding in bankruptcy Smith had ceased to be the owner of the cause of action and was not entitled to prosecute the suit. This contention was overruled, and Smith recovered judgment. This was affirmed by the Court of Civil Appeals, 286 S. W. 633; and an application to the Supreme Court for a writ of error was denied, 116 Tex. 269.

The petitioners contend that by permitting Smith to continue the prosecution of the suit after his adjudication in bankruptcy they were deprived of a right, privilege and immunity under the Bankruptcy Act.[1]

The Act provides, with certain exceptions not here material, that a trustee of the estate of a bankrupt, upon his appointment and qualification, shall be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, to all non-exempt property, including rights of action, § 70; and that the trustee may, with the approval of the court, be permitted to prosecute any suit commenced by the bankrupt prior to the adjudication, § 11c.

It is clear that under these provisions an adjudication in bankruptcy, until followed by the appointment of a trustee, does not divest the bankrupt's title to a cause of action against a third person or prevent him from instituting or maintaining suit thereon. Thus, he may insti-

---

[1] 30 Stat 544, c. 541; U. S. C., Tit. 11.

318°—28——35

tute and maintain such a suit before the election of a trustee. *Johnson* v. *Collier,* 222 U. S. 538, 539; *Christapherson* v. *Harrington,* 118 Minn. 42, 45.    Or, if no trustee is appointed. *Rand* v. *Iowa Cent. Ry.,* 186 N. Y. 58, 60; *Griffin* v. *Mutual Life Ins. Co.,* 119 Ga. 664, 665, in which the opinion was delivered by Judge Lamar, later a member of this Court.    And see *Fuller* v. *New York Fire Ins. Co.,* 184 Mass. 12, 16; *Gordon* v. *Mechanics' & Trader's Ins. Co.,* 120 La. 442, 443; and *Schoenthaler* v. *Rosskam,* 107 Ill. App. 427, 436.    In *Johnson* v. *Collier, supra,* this Court said: " While for many purposes the filing of the petition operates in the nature of an attachment upon choses in action and other property of the bankrupt, yet his title is not thereby divested.    He is still the owner, though holding in trust until the appointment and qualification of the trustee, who thereupon becomes ' vested by operation of law with the title of the bankrupt' as of the date of adjudication. . . . Until such election the bankrupt has title—defeasible, but sufficient to authorize the institution and maintenance of a suit on any cause of action otherwise possessed by him. . . . During that period it may frequently be important that action should be . . . taken to recover what would be lost if it were necessary to wait until the trustee was elected.    The institution of such suit will result in no harm to the estate.    For if the trustee prefers to begin a new action in the same or another court in his own name, the one previously brought can be abated.    If, however, he is of opinion that it would be to the benefit of the creditors, he may intervene in the suit commenced by the bankrupt. ' . . . If the trustee will not sue and the bankrupt cannot sue, it might result in the bankrupt's debtor being discharged of an actual liability.    The statute indicates no such purpose, and if money or property is finally recovered, it will be for the benefit of the estate.    Nor is there any merit in the

suggestion that this might involve a liability to pay both the bankrupt and the trustee."

It follows that Smith's title to the right of action was not divested by the proceeding in bankruptcy, no trustee having been appointed to whom it could pass; and that the Bankruptcy Act did not prevent him from subsequently prosecuting the suit to judgment.

The doctrine of *First National Bank* v. *Lasater,* 196 U. S. 115, 119, on which the petitioners rely—that a bankrupt who omits to schedule and withholds all knowledge of a valuable claim, cannot, after obtaining a discharge from his debts, assert title to such claim and maintain a suit thereon in his own right—has no application here; for in that case a trustee had been appointed to whom the right of action had passed.

No other Federal question is presented by the record. If, as urged by the petitioners, the assignments made by Smith were void as against his other creditors—who were not before the court—any question that may arise as to whether he holds the judgment for the benefit of his assignees or of his general creditors, may be determined in appropriate proceedings taken for that purpose. See *Griffin* v. *Mutual Life Insurance Co., supra,* 655. In any event the petitioners were not prejudiced.

*Judgment affirmed.*