### In re SMITH.

District Court, N. D. Texas, Dallas Division.
March 18, 1929.

No. 1572.

Adams & Harrell, of Dallas, Tex., for the motion.

Ringolsky, Friedman, Boatright & Jacobs, of Kansas City, Mo., and McCormick, Bromberg, Leftwich & Carrington, of Dallas, Tex., opposed.

ATWELL, District Judge. In 1921 the bankrupt was adjudicated at his request. No assets were listed and no trustee was appointed. At the time of filing his application he had a suit pending for $60,000 in the state court. There being no trustee, he continued as plaintiff. The judgment recovered was affirmed by the state appellate courts and by the Supreme Court of the United States. Danciger v. Smith, 276 U. S. 542, 48 S. Ct. 344, 72 L. Ed. 691. As a result of this holding this court has granted an order reopening the estate.

On the 13th day of July, 1928, an assignee of the only creditor who had proven his claim, and of many other creditors who had not proven their claims, filed this application to set aside and annul the discharge granted in 1921. It alleges two reasons: First, that the discharge was secured by fraud; and, second, that it is null and void, because the method prescribed in form 57 was not followed. It is alleged that there

was valuable property which the bankrupt concealed.

■ Section 15 of the Bankruptcy Act (11 USCA § 33) creates a statute of limitation and names those who may ask the judge to set aside discharges. "The judge may, upon the application of parties in interest who have not been guilty of undue laches, filed at any time within one year after a discharge shall have been granted, revoke it upon a trial if it shall be made to appear that it was obtained through the fraud of the bankrupt, and that the knowledge of the fraud has come to the petitioners since the granting of the discharge, and that the actual facts did not warrant the discharge."

This is an exclusive method of revocation. It excludes all other methods in other courts, if the invalidity is based on the grounds specified in the statute. Poillon v. Lawrence, 77 N. Y. 207; Collier (13th Ed.) pp. 575–582. Clearly, therefore, petitioner is not entitled to his remedy on this ground.

■ The second ground is one that may be urged outside of the statute, and is always available when the terms of a remedial statute have not been complied with. Section 14 of the Bankruptcy Act (11 USCA § 32 (b), relating to discharges, provides: " * * * (b) The judge shall hear the application for a discharge."

Section 38 of the Bankruptcy Act (11 USCA § 66), jurisdiction of referees, sets forth such jurisdiction and in the third division of that section provides: "Exercise the powers of the judge for the taking possession and releasing of the property of the bankrupt in the event of the issuance by the clerk of a certificate showing the absence of a judge from the judicial district, or the division of the district, or his sickness, or inability to act; (4) perform such part of the duties, except as to questions arising out of the applications of bankrupts for compositions or discharges, as are by this act conferred on courts of bankruptcy and as shall be prescribed by rules or orders of the courts of bankruptcy of their respective districts, except as herein otherwise provided."

Clearly section 14 and paragraph 4 of section 38 contemplate that the application for discharge shall be made to the judge, and all the questions relating thereto are original questions for the court. In re Johnson (D. C.) 158 F. 342; In re Elby (D. C.) 157 F. 935; In re Hockman (D. C.) 205 F. 330. An application, however, may be referred to the referee as a special master, to hear and report on the facts. In re Randall (D. C.) 159 F. 298; In re McDuff (C. C. A.) 101 F. 241;

Weil v. Neary, 278 U. S. 160, 49 S. Ct. 144, 73 L. Ed. ——. When there is a reference, the report is advisory merely.

■ Rule 40 of the United States District Court for the Northern District of Texas, together with rules 41 and 42, have marked the procedure for 30 years in this district:

"40. The petition for discharge shall be in the form prescribed for the general orders of the Supreme Court of the United States in bankruptcy, and shall be verified by the oath of the petitioner and filed in duplicate in the office of the United States district clerk where the case is pending. Upon the filing of a petition in proper form for discharge the clerk shall forthwith mail the duplicate thereof to the referee to whom the case has been referred. On receipt of the petition for discharge the referee shall fix a day on or before which the creditor or other parties in interest may show cause why the petition should not be granted, the referee shall give at least thirty days notice to all the creditors, as required by law, in which shall be stated that if the creditors or other parties in interest propose to show cause why the discharge should not be granted, they must on or before the day fixed by him as aforesaid, to show cause, file with him their appearance, as provided in General Order XXXII of the Supreme Court of the United States in bankruptcy. The referee shall also cause a like notice to be published at least once in the newspapers designated by the court, in the county of the bankrupt's residence, for that purpose, at least one week before the day on which the creditors are required to appear and show cause.

"41. If no opposition to a petition is filed with the referee on or before the day named in the notice to the creditors, or, if filed and no specifications in support thereof are filed before him within thirty days allowed as provided in General Order XXXII of the Supreme Court of the United States, the referee shall, unless the judge directs otherwise, forthwith mail to the clerk of this court at Dallas the petition for discharge with his certificate showing that due notice of the filing thereof has been mailed to the creditors and also has been published as directed, that no opposition has been filed by anyone, stating the amount of unpaid costs and expenses in said case, if any, and also whether the bankrupt has or has not complied with the Bankruptcy Act so far as to him known. The petition for discharge will then stand for hearing before the judge without further notice to the parties.

"42. If opposition to the petition for dis-

charge is filed on or before the day fixed by the referee, he shall, unless the judge directs otherwise, proceed to hear the same and report the facts together with his findings thereon. Accompanying his report shall be the duplicate petition for discharge, all pleadings and depositions considered by the referee, together with a statement of all costs, paid and to be paid, by any party in the proceedings. After the certificate has remained on file at least ten days the clerk will notify the bankrupt and all contesting creditors or their attorneys of record by mail of the time and place fixed for the hearing.

These rules are challenged as being out of harmony with form 57, prescribed by the United States Supreme Court. This form begins with the bankrupt's petition for discharge, and then provides the following order of notice thereof:

"District of ———— ss:

"On this ———— day of ————, A. D. 19— on reading the foregoing petition, it is—

"Ordered by the court that a hearing be had upon the same on the ———— day of ————, A. D. 19—, before said court, at ————, in said district, at ———— o'clock in the ———— noon; and that notice thereof be published in ————, a newspaper printed in said district, and that all known creditors and other persons in interest, may appear at the said time, and place and show cause, if any they have, why the prayer of the said petitioner should not be granted.

"And it is further ordered by the court, that the clerk shall send by mail to all known creditors copies of said petition and this order, addressed to them at their place of residence as stated.

"Witness the honorable ———— judge of the said court, and the seal thereof, at ————, in said district, on the ———— day of ————, A. D. 19—. ————, Clerk.

"[Seal of the court.]

"———— hereby depose, on oath, that the foregoing order was published in the ———— on the following days, viz.: On the ———— day of ———— and on the ———— day of ————, in the year 19—. ————.

"District of ————.

"————, 19—, personally appeared ————, and made oath that the foregoing statement by him subscribed is true.

"Before me,

"————, (Official Character.)

"I hereby certify that I have on this ———— day of ————, A. D. 19—, sent by mail copies of the above order, as therein directed. ————, Clerk."

It will be noticed that the form provides for the issuance of notices by the clerk, and that the time and place are to be fixed by the court. Rules 40, 41, and 42 provide for certain notices to be issued by the referee, and for a hearing before the referee, and for a report by that officer to the court as to the facts found by him at such hearing. All of these conclusions are to be filed with the clerk of the court, where they are to remain for ten days, who will then notify the bankrupt and all contesting creditors, or their attorneys of record, by mail, of the time and place fixed for the hearing. This hearing means the hearing before the judge—the court. It is the real hearing.

Section 58, as amended by Act June 25, 1910, § 9½ (11 USCA § 94), provides for at least 30 days' notice of all applications for discharge, and that "all notices shall be given by the referee, unless *otherwise ordered by the judge.*" Form 57 was adopted in 1898. It certainly comes within the spirit of section 58. The same may also be said of an order or a rule of the District Court which provides that the referee, as master, shall issue the notice.

The preliminary steps of notice, by publication and otherwise, the shaping of the pleadings, and the taking of testimony thereon, may be done by an arm of the court, under an order of the court. The sanctity of a hearing before the judge is preserved by that part of rule 41 which provides, "The petition for discharge will then stand for hearing before the judge without further notice to the parties," and by that part of rule 42, which provides, "After the certificate has remained on file at least ten days the clerk will notify the bankrupt and all contesting creditors or their attorneys of record by mail of the time and place fixed for the hearing."

A practical procedure, insuring a dignified speed within the terms and the letter of the law, is favored. The motion to dismiss is sustained.