## In re LONGWELL.

### No. 19736.

District Court, W. D. New York.

Feb. 14, 1935.

978

Wilbur F. Knapp, of Bath, N. Y., for bankrupt.

A. L. Oastler, of Buffalo, N. Y., for creditors.

RIPPEY, District Judge.

The bankrupt filed his petition on February 14, 1933, and was adjudicated bankrupt on that day. In his schedules he listed as creditors, among others, Frank Platt of Bath, N. Y., as holding a note for $400, and Mame Ward, administratrix, of Wellsville, N. Y., as having a judgment for $378.10. The case was at once referred to Delmar M. Darrin as referee, and the case has since been in his hands. The two creditors mentioned are proceeding to collect on their claims, and this motion is to restrain them from further proceedings thereon.

The bankrupt has not been discharged. According to the testimony presented, which is uncontradicted, the bankrupt's attorney mailed to the referee a petition for a discharge on December 14, 1933, in due form, and signed and verified by the bankrupt. The bankrupt was assured by the attorney that everything was in order and that he, the attorney, would attend to procuring the discharge without further attention of the bankrupt, and the latter relied on the attorney's assurances.

The referee filed his affidavit in which he states on positive knowledge that he received by mail from the attorney for the bankrupt on December 16, 1933, the petition for a discharge, duly executed and verified, and that he mailed the same, "in a post-paid wrapper, addressed to the Clerk of the United States District Court, Western District of New York, Federal Building, Buffalo, N. Y., and placed the same in the post office at Addison, N. Y., for the purpose of filing the same, and proceeding with the bankrupt's discharge. That on the envelope there was a return address directing the post office department to return the same to me in case it was not delivered, and the same has never been returned to me." The records of the clerk's office do not show its receipt. No hearing was set on the application, and nothing further has been done in the case until this motion was made.

Section 14 of the Bankruptcy Act (11 USCA § 32) provides for discharge proceedings by the court. Under section 1 (7) of the Bankruptcy Act (11 USCA § 1 (7) Congress has said that the word "court" as used in said act, "Shall mean the court of bankruptcy in which the proceedings are pending, and may include the referee." Counsel for the bankrupt insists that filing the petition with the referee, together with the subsequent mailing of the petition to the clerk, was a sufficient filing to meet the requirements of the act, and cites In re Cage Cotton Co. (D. C.) 32 F.(2d) 533, decided in 1929. This case arose in the Southern District of Texas and, under a rule in that district, filing of a petition for a discharge with the referee within the statutory time was held by the District Judge to be a sufficient filing with the court. Counsel also calls our attention to In re Pincus (D. C.) 147 F. 621, decided in 1906, where it was held that, under District Rule 11 of the Southern District of New York, filing of the petition with the referee within five months of the date of the adjudication was a sufficient filing. District Bankruptcy Rule IX for the Western District of New York provides, however, that: "The petition for a discharge or for confirmation of a composition must be duly verified and be filed with the Clerk." General Order 20 in Bankruptcy (11 USCA § 53), provides that: "Proofs of claims and other papers filed subsequently to the reference, except such as call for action by the judge, may be filed either with the referee or with the clerk." An application for a discharge calls for action by the judge, initiates a proceeding separate and distinct from that in which the estate is administered, and a referee has no jurisdiction over such an application. In re Hughes (C. C. A.) 262 F. 500; 11 USCA § 32 (a, b); In re Taylor (D. C.) 188 F. 479; In re Smith (D. C.) 31 F.(2d) 299; affirmed Danciger v. Smith (C. C. A.) 36 F.(2d) 345, certiorari denied, Danciger v. Smith, 281 U. S. 741, 50 S. Ct. 347, 74 L. Ed. 1155. It therefore follows that General Order 20 (11 USCA § 53) confers no authority on the bankrupt to file his application with the referee. It is asserted that neither the Supreme Court by way of General Orders nor

the District Courts by way of rules may provide for filing elsewhere than with the District Court. It is not necessary to consider that question here. Neither the General Orders in Bankruptcy nor the rules of this district provide that an application for a discharge may be filed with a referee. On the contrary, Bankruptcy Rule IX of this district, above referred to, follows the provisions of the Bankruptcy Act and requires the application to be filed with the clerk of the District Court. It follows that filing of the application with the referee will not meet the requirements of the act, so as to make the filing effective to initiate the proceedings for a discharge.

■ As a matter of fact, it must be found from the moving papers that the delivery of the petition to the referee was not intended to constitute a filing with the court as required by section 14 of the Bankruptcy Act (11 USCA § 32), or even a filing with the referee. The letter with which the petition was delivered says: "In making it out I do not seem to have bankruptcy number or date of adjudication. Will you kindly fill this in and return to me in the enclosed stamped envelope." The referee did not do as requested. The referee says in his letter of June 14, 1934, "According to your request of December 15th, I filled in the number of this bankruptcy proceeding and mailed the petition for discharge which you sent me to the District Court."

The petitioner contends that he relied upon the action of the referee "in his official capacity," and that he assumed the petition had been filed, and finally asks the court to take all the circumstances into consideration and hold that there was a sufficient filing of the petition with the court. The court cannot indulge any such fiction. Jurisdiction of the court to grant a discharge is purely statutory, and one seeking to take advantage of the privilege of being discharged from his debts must comply strictly with the terms of the statute with reference to filing his petition. The presumption as to the receipt of letters properly directed and sent through the mails to a person is one of fact but, here, the actual receipt and filing of the petition is the act which gives the court jurisdiction to act. Evidence of the actual delivery of the petition to the officer permitted to receive it with the purpose and intent that it shall be filed and of its actual receipt by such officer must be clearly established. Gates v. State, 128 N. Y. 221, 28 N. E. 373; Matter of Lance, 55 Misc. 13, 19, 106 N. Y. S. 211; Matter of Norton, 25 Misc. 48, 53 N. Y. S. 924; In re Von Borcke (D. C.) 94 F. 352. This is not a case where the court might excuse the bankrupt for failure to prosecute a petition properly filed where he relied on his attorney to take the steps required to procure the discharge. In re Whittaker et al. (D. C.) 57 F.(2d) 345. No petition for a discharge has ever been filed. It is too late to file such a petition now.

The motion for a stay must be denied, and it is so ordered.