Homer B. Latham and M. A. Bryan, both of Bowie, for appellant.

H. S. Garrett and H. R. Wilson, both of Fort Worth, for appellee.

## MARTIN v. TEXAS CO.

### No. 13232.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 4, 1935.

Rehearing Denied Nov. 15, 1935.

BROWN, Justice.

The appellant, J. E. Martin, owned a certain tract of land in Montague county, which is claimed as a homestead. On June 8, 1934, he brought suit in the district court of Montague county against appellee, the Texas Company, alleging that on or about June 11, 1932, said company injured the tract of land by negligently permitting waste oil and salt water, produced from its nearby wells, to flow upon it.

The appellee attacks appellant's right to bring the suit on the theory that in January, 1933, appellant filed a voluntary petition in bankruptcy in the District Court of the United States for the Southern Dis-

trict of Texas, was duly adjudged a bankrupt, filed his schedules in the bankruptcy court, without listing the claim, or chose in action, against appellee as one of his assets, was duly discharged as such bankrupt; that the bankruptcy court not having administered upon any such claimed right, or asset, under such circumstances, Martin cannot now bring suit upon such alleged right, or claim.

All of the bankruptcy proceedings were brought before the trial court by certified copies attached to appellee's said plea. The trial court sustained the plea and dismissed the suit. From this judgment, the plaintiff below, Martin, appeals.

It is interesting to note that appellee shows in its plea appellant scheduled the tract of land, here claimed to have been damaged by appellee, as his homestead and claimed the same as exempt from his debts.

Appellee contends that the duty rested upon appellant to schedule and list the chose in action, upon which he now seeks recovery, as one of his assets, to the end that the bankruptcy court might administer it, either setting it apart as exempt, or cause the trustee in bankruptcy to bring suit upon it for distribution among appellant's creditors; that the bankruptcy court had exclusive jurisdiction over such right, or claim, whether it were exempt, or unexempt.

In support of its contention, appellee cites Friedsam v. Rose (Tex. Civ. App.) 271 S. W. 417 (writ dismissed). This case is wholly unlike the one before us. There the bankrupt agreed to the judgment of the bankruptcy court wherein the property was sold by the trustee for the purpose of paying the creditors, and the court holds that he cannot question the validity of the judgment in the trespass to try title suit thereafter brought.

In the suit before us, there is no record of a trustee having been appointed by the bankrupt court to take charge of Martin's assets, but even if this had been done, can it be successfully claimed that the failure to list and schedule an exempt asset deprived Martin of his right to proceed thereafter to claim and enjoy it? We think not.

Gilbert's Collier on Bankruptcy, § 70, p. 1138, sets out the rule that the trustee becomes vested by operation of law with the title of the bankrupt, as of the date he was adjudicated a bankrupt, except in so far as it is to property which is exempt.

The trustee has no control or authority over exempt property. Lockwood v. Exchange Bank, 190 U. S. 294, 23 S. Ct. 751, 47 L. Ed. 1061.

We are of the opinion that the appellee is in no position to complain of the failure to schedule and list this asserted claim against it in the bankruptcy court. It is, in our opinion, an exempt asset, but pretermitting for the present that conclusion on our part, we are of the opinion that none but interested parties may here complain.

The bankruptcy proceedings may be reopened on a showing that the bankrupt had and now has unlisted and undisclosed assets, and the trustee in such proceeding may intervene in this cause and seek to administer the moneys, if any are recovered, for the benefit of the bankrupt's creditors.

The record not having disclosed that a trustee was ever appointed by the bankruptcy court, we cite Danciger v. Smith, 276 U. S. 542, 48 S. Ct. 344, 72 L. Ed. 691, in support of our conclusions.

Believing that the asserted claim against appellee was and is exempt property, it could not have been prosecuted by the trustee (if there were one appointed) for the benefit of creditors, and the rule that the bankrupt may not recover unscheduled property does not apply here. 6 Tex. Jur. par. 93, page 127.

The judgment of the trial court is reversed, the cause ordered reinstated, and same is remanded to the district court for a trial on the merits.

Reversed and remanded.

### On Motion for Rehearing.

As was pointed out in our original opinion, the record fails to disclose that a trustee in bankruptcy was ever appointed in the bankruptcy proceedings. We are unwilling to take statements and expressions in the briefs of all or of any of the parties as evidence, unless it appears that the parties have agreed as to the existence of the fact.

To support appellee's plea in bar, the proceedings in the bankruptcy court are attached thereto and none refers to the appointment of a trustee, or to the qualifying and acting of a trustee. The purported finding by the trial court, in its judg-

ment, that the property in controversy "was duly set aside to him (appellant) by the trustee in said bankruptcy proceedings," is without evidence to support it and is fundamentally erroneous.

We do not believe that damages sustained to the exempt homestead are properly classed with rents and revenues therefrom.

The damages sued for in this cause constitute a destruction of the exempt property.

Accordingly, the motion for rehearing is overruled.