LOUIS H. PINK, Superintendent of Insurance of the State of New York, as Liquidator of NEW YORK TITLE AND MORTGAGE COMPANY, Plaintiff, *v.* ADOLPH TENENBAUM, Defendant.

First Department, March 12, 1937.

*William A. Shea* of counsel [*Julius B. Sucher* and *Morris Woolf* with him on the brief], for the plaintiff.

*Edward M. Edenbaum,* for the defendant.

DORE, J. This controversy submitted upon an agreed statement of facts pursuant to sections 546 to 548 of the Civil Practice Act, involves the marketability of title to real property which plaintiff, as seller, on June 18, 1936, contracted to sell to defendant as purchaser for $165,000.

Included in the premises described in the contract of sale is a strip or gore of land about twenty-five feet wide and approximately one hundred and eight feet long, formerly in the bed of the westerly one-half of Elliott avenue, Bronx, a map street which apparently was never physically laid out, and which was legally closed pursuant to an order of the Supreme Court of the State of New York on November 11, 1914. An exact description by metes and bounds of the gore of land in question running through the property intended to be conveyed is contained in the submission of controversy.

Title to the said strip or gore on April 28, 1897, was vested in Ida L. Jenkins and Mary E. Jenkins who on that date conveyed the lots fronting on the portion of Elliott avenue in question, by two deeds, one to Joseph C. Morris and John McKay, copartners, and the other to one Theresa Alexander. The interest, if any, of said grantees to the strip of land in question has, by mesne conveyances, vested in plaintiff.

On October 16, 1899, Ida L. Jenkins and Mary E. Jenkins filed voluntary petitions in bankruptcy in the United States District Court for the Southern District of New York and were that day adjudicated bankrupts. The schedules as filed listed no assets and made no mention of title to the bed of the westerly half of Elliott avenue as an asset held by or remaining in the bankrupts. No trustee in bankruptcy was ever appointed, and while numerous creditors were listed in the schedule of liabilities, only one creditor, the Pelham Hod Elevating Company, proved its claim, in the sum of $320. This claim and proof of claim and all right, title and interest which the Pelham Hod Elevating Company had against the said bankrupts have since been duly assigned to plaintiff who is now the owner of the said claim and proof of claim by assignment dated October 13, 1936.

The bankrupts were discharged from bankruptcy on November 29, 1899. No further proceedings to sell the aforesaid portion of the westerly half of Elliott avenue or to reopen the bankruptcy proceedings and appoint a trustee to sell the same were ever taken.

In November, 1926, Ida L. Jenkins and all the heirs at law

of Mary E. Jenkins (who died intestate in 1904) conveyed the aforesaid strip or gore of land in the westerly half of Elliott avenue to plaintiff's predecessor in title.

There is no evidence of possession or claim to possession by the said Ida L. Jenkins or Mary E. Jenkins or the heirs at law of Mary E. Jenkins or any other person to the said strip or gore of land, between 1899 and 1926.

Defendant purchaser does not dispute the chain of title from the bankrupts to the plaintiff but questions its validity only by reason of the bankruptcy proceedings. It is conceded that the parties hereto were otherwise ready, willing and able to perform the contract of purchase and sale of the premises and actual tender of the deed and the balance of the purchase price has been waived by them. It is also conceded that plaintiff is the owner in fee simple of all the land contracted to be sold subject only as defendant contends to possible outstanding claims or interest respecting the strip or gore of land hereinabove described.

Plaintiff contends (1) that the deeds from the bankrupts executed in 1897, two years prior to their bankruptcy in 1899, conveyed their title to the strip or gore in question; (2) that, even if it did not the bankruptcy proceedings, under the facts disclosed, did not divest the bankrupts of their title to the land contracted to be sold; and (3) that title of the bankrupts to the real estate in question even if it passed to the bankruptcy court reverted to the bankrupts upon their discharge since no creditors may now assert a claim thereto, all claims being barred. Accordingly the plaintiff contends that the title to the premises is good and marketable and that defendant be adjudged specifically to perform the agreement of purchase.

Defendant claims that the description in the deeds executed in 1897 did not show intention to convey title to the land in the bed of the westerly half of Elliott avenue; that it, therefore, remained in the grantors in 1897, and when they became bankrupt was vested in the bankruptcy court upon the filing of the petition; that the claimed assignment by the sole creditor who filed the claim is insufficient to divest such title; that the bankruptcy should be reopened and the estate readministered; and that, accordingly, the title is unmarketable and sums paid by purchaser under the contract should be returned to him.

The deeds of 1897 described the granted premises as commencing at the intersection of the exterior lines of two streets and not at the junction thereof. Assuming that by reason of such descriptive terms in the deeds the title to the bed of the street was excluded (*White's Bank of Buffalo* v. *Nichols*, 64 N. Y. 65, 70, 71; *Van Winkle*

v. *Van Winkle*, 184 id. 193, 204), we nevertheless consider and hold under all the facts stipulated that the plaintiff has a good and marketable title to the real estate in question.

The voluntary bankruptcy proceeding of October 16, 1899, did not divest the bankrupts of their title to said premises as no trustee in bankruptcy was ever appointed or qualified. (Bankruptcy Act of 1898, § 70; U. S. Code, tit. 11, § 110; *Danciger, etc., Oil Co.* v. *Smith*, 276 U. S. 542; *Rand* v. *Iowa Central R. Co.*, 186 N. Y. 58.)

At this late date no trustee can be appointed nor can the proceeding be reopened. Subdivision (n) of section 57 of the said Bankruptcy Act in force at the time of the filing of the petition in bankruptcy herein expressly prohibited the proving of a claim subsequently to one year after adjudication (amended to six months in 1926, U. S. Code, tit. 11, § 93, subd. [n]). Accordingly creditors who failed to prove their claims were barred from asserting their rights, if any. (*Matter of Silk*, 55 F. [2d] 917 [C. C. A., 2d Cir., Feb. 1932]; *Cook* v. *Union Trust Co. of Maryland*, 71 id. 645.) In numerous cases creditors have been barred from proving claims where only a short period of time had elapsed after the period provided in subdivision (n) of section 57. In the case at bar thirty-seven years have elapsed and accordingly the claims of all creditors of the bankrupt are completely barred by the Statute of Limitations, as under the Bankruptcy Act of 1898 commencement of bankruptcy proceedings does not stop or toll the running of the statute. (*American Woolen Co.* v. *Samuelsohn*, 226 N. Y. 61.)

*Matter of Pierson* (174 Fed. 160), relied on by defendant, is clearly distinguishable as there the application to reopen was made by the bankrupt.

Finally, even if the bankrupts' title to said real estate had passed to a trustee, under the facts stipulated it would have reverted to and revested in the bankrupts by operation of law. (*Page* v. *Waring*, 76 N. Y. 463.) The creditors who failed to file proof of claims were not entitled to share and are barred. Plaintiff has acquired and is the owner of the only claim proved in the bankruptcy proceeding. Hence all claims are deemed satisfied. Accordingly, the deed by the surviving bankrupt and the heirs of the deceased bankrupt to the plaintiff's predecessor in title executed in 1926 conveyed to the grantees a title which cannot be questioned by any creditor of the bankrupts. The title obtained by the plaintiff through the said grantees may not now, thirty-seven years after the bankruptcy, be questioned. The bankruptcy proceeding herein is, therefore, not a cloud on plaintiff's title.

Accordingly we hold the plaintiff's title to the real property described in the contract of purchase and sale herein including the strip or gore of land lying in the bed of Elliott avenue is a good and marketable title and plaintiff is entitled to judgment that defendant specifically perform his agreement to purchase said premises, without costs to either party.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Judgment directed in favor of plaintiff, without costs. Settle order on notice.