Carroll R. STAUB, Defendant and Counter-
claimant below, Appellant,

v.

TRIANGLE OIL COMPANY, Plaintiff and
Counterdefendant below, Appellee.

Supreme Court of Delaware.

Submitted Oct. 20, 1975.

Decided Dec. 12, 1975.

Gary A. Myers, Community Legal Aid
Society, Inc., Dover, for defendant and
counterclaimant below, appellant.

Robert C. Wolhar, Jr., for Paul R. Reed,
Georgetown, for plaintiff and counterde-
fendant below, appellee.

Before HERRMANN, C. J., and DUF-
FY and McNEILLY, JJ.

McNEILLY, Justice:

This is an appeal from the Superior
Court's dismissal of Carroll R. Staub's
counterclaim to an action on a promissary
note brought by Triangle Oil Company
("Triangle") against Staub and his wife.

During the pendency of the respective
claims, the Staubs voluntarily petitioned
for adjudication of bankruptcy in the U.S.
District Court for the District of Dela-
ware. Triangle was listed as an unsecured
creditor and Staub's counterclaim was list-
ed as an asset. The Staubs were dis-
charged from all scheduled debts, including
Triangle's claim, but without appointment
of a trustee. Subsequently, the Superior
Court dismissed the counterclaim, holding
that by reason of the bankruptcy proceed-
ings and the lack of a trustee, Staub lacked
standing to prosecute his counterclaim.*

* Triangle does not appeal from the dismissal of its action by reason of discharge in Bankruptcy.

Staub appealed, but since has died. His wife, as administrator of his estate, now moves to be substituted and Triangle moves to dismiss this appeal, contending that the counterclaim is penal in nature and lapsed upon the death of the complainant.

I

The counterclaim was filed under the provisions of 25 Del.C. § 5517 which provides:

"If removed from premises or excluded therefrom by the landlord or his agent, except under color of a valid court order authorizing such removal or exclusion, the tenant may recover possession or terminate the rental agreement, in either case, recover treble damages sustained by him and costs of the suit."

Triangle contends that the treble damages aspect of this Statute makes it penal in nature so that the counterclaim must fall under 10 Del.C. § 3701 which provides:

"All causes of action, except . . . upon penal statutes, shall survive to and against the executors or administrators of the person to, or against whom, the cause of action accrued."

The United States Supreme Court in *Huntington v. Attrill*, 146 U.S. 657, 13 S. Ct. 224, 36 L.Ed. 1123 (1892), involving the full faith and credit to be given a foreign statute challenged as penal, stated:

"Penal laws, strictly and properly, are those imposing punishment for an offense committed against the state, and which, by the English and American constitutions, the executive of the state has the power to pardon. Statutes giving a private action against a wrongdoer are sometimes spoken of as penal in their nature, but in such cases it has been pointed out that neither the liability imposed nor the remedy given is strictly penal. . . . The test whether a law is penal, in the strict and primary sense, is whether the wrong sought to be redressed is a wrong to the public or a wrong to the individual, according to the familiar classification of Blackstone." 13 S.Ct. at 227.

This Court, discussing punitive damages in a survival action, stated in *Reynolds v. Willis*, Del.Supr., 209 A.2d 760 (1965).

"In Delaware, this type of damages is allowed not by way of recompense to an injured plaintiff, but as punishment to the tortfeasor when his act was committed wilfully or wantonly."

We are satisfied that 25 Del.C. § 5517 is not a penal statute, that the counterclaim survives the death of Staub, and further, that it survives to his wife as administrator under the provisions of 10 Del.C. § 3707:

"A statutory right of action or remedy against any officer or person, in favor of any person, shall survive to, or against the executor or administrator of such officer or person, unless it be specifically restricted in the statute."

Triangle objects to Mrs. Staub's substitution only on the ground that the action abated. In the absence of additional objections, it follows that her motion to be substituted should be granted. See *Reynolds v. Willis, supra*.

II

In spite of the action surviving to the administrator of the deceased Staub, Triangle argues that a plaintiff who has a civil action for damages prior to his adjudication and discharge in bankruptcy cannot maintain and continue to prosecute the action subsequent to his adjudication and discharge where no trustee has been appointed.

This argument has been laid to rest by the United States Supreme Court in *Danci-*

*ger v. Smith,* 276 U.S. 542, 48 S.Ct. 344, 72 L.Ed. 691 (1928):

"It is clear that under these provisions [Sections 11c and 70 of the Bankruptcy Act] an adjudication in bankruptcy, until followed by the appointment of a trustee, does not divest the bankrupt's title to a cause of action against a third person or prevent him from instituting or maintaining suit thereon. Thus he may institute and maintain such a suit before the election of a trustee . . . [o]r, if no trustee is appointed. [Citations omitted]" 48 S.Ct. at 345.

"If the trustee will not sue and the bankrupt cannot sue, it might result in a bankrupt's debtor being discharged of an actual liability." 276 U.S. at 546, 48 S. Ct. at 345, citing *Johnson v. Collier,* 222 U.S. 538, 539, 32 S.Ct. 104, 56 L.Ed. 206 (1911).

\*    \*    \*    \*    \*    \*

Reversed and remanded.